## Jennie O. Miller *v.* The City of Bradford, Appellant.

*Negligence—Municipalities—Sidewalk—Ridge of ice.*

In an action by a woman against a city to recover damages for personal injuries, the case is for the jury where the evidence for the plaintiff shows that she was injured by stepping on a ridge of ice about eight inches high, which had been formed by water dropping from the eaves of an abutting building, and the evidence is conflicting as to whether the general sidewalks of the city were slippery and icy from rain suddenly turning to ice, and as to whether the plaintiff knew of the dangerous character of the locality.

Argued May 2, 1898. Appeal, No. 229, Jan. T., 1898, by defendant, from judgment of C. P. McKean Co., Oct. T., 1895, No. 247, on verdict for plaintiff. Before STERRETT, C. J., GREEN, McCOLLUM, MITCHELL and FELL, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before OLMSTED, P. J.

At the trial it appeared that on February 3, 1895, plaintiff, while walking along Corydon street in the city of Bradford, slipped on a ridge of ice which had been formed by water dropping from the eaves of an abutting building. The ridge was about eight inches high, and the evidence tended to show that it was on the traveled part of the sidewalk. The evidence was conflicting as to whether plaintiff knew of the dangerous character of the sidewalk at the point where she fell. The evidence was also conflicting as to whether the sidewalks throughout the city were slippery and icy at the time from a sudden freezing.

When the plaintiff was on the stand her counsel offered to prove by her that she left her home on February 3, 1895, to go to a neighbor's house on Corydon street; that she went up Mechanic street, and from there turned the corner on to Corydon street, and as she turned the corner and had taken a few steps, she turned to the right to let Mrs. Chapman pass, and as she did so, she stepped upon ice on the sidewalk that was ridged up and rough, and slipped and fell and injured her hip to such an extent that she was afterwards taken to the hospital and remained there sick until about May, and that she has never fully recovered from the injuries she received at that time; this is to be followed by other evidence of the condition of the sidewalk at that time and prior.

This was objected to as incompetent, irrelevant and immaterial under the declaration in this case, for the reason that by section 11 of article 5, of the act of assembly of Pennsylvania, approved May 23, 1889, there is no duty imposed upon cities of the third class, to which class the city of Bradford belongs, requiring such city to construct, erect or maintain sidewalks; that the only duty imposed by such section is a purely discretionary duty, and that under the laws of Pennsylvania a municipality is not liable for its failure to perform a purely discretionary duty. And that the declaration in this case setting forth that the plaintiff's right to recover is predicated upon the negligence of the city in keeping this sidewalk in proper condition and repair, there can be no recovery under the declaration, and the evidence therefore is incompetent.

By the Court: I would say clearly enough if there was a

street in Bradford where they never had passed an ordinance to construct a sidewalk and never had constructed one, that the city would not be liable. But where they have constructed one and have passed an ordinance, that is another question. The remarkable thing is that, if this is the law, in the hundreds of cases of this kind that have been tried, the question has never been raised. Supposing it is discretionary with the city whether or not they must build sewers, and they do build one down the center of Main street, and some one breaks through into the sewer, is there any doubt that the city would be liable? Are there not cases that hold in the case of boroughs and cities, that, in the building and constructing of a sidewalk, the city or borough is liable for the injury done upon it? There is no doubt at all but what the power was purely discretionary, but where the discretion has been exercised by building a walk, and an invitation to the public to walk upon the sidewalk, I think the obligation continues on the city. There is a broad distinction between the sidewalk cases cited last night with the single exception of the Erie Co. case, but we can see a broad distinction between that case and the ordinary sidewalk negligence cases, and the objection is overruled. Exception sealed for defendant. [1]

Defendant's point and the answer thereto were as follows :

1. If the jury believes from the evidence that the accumulation of ice which the plaintiff alleges caused her fall resulted solely from water dripping from the eaves of the adjoining building upon the sidewalk and freezing, the plaintiff cannot recover. *Answer :* We cannot affirm this point. [2]

The court charged in part as follows :

I have said in answer to one of the points, that if this icy ridge was there, and the plaintiff had observed it and knew it, she had no right to walk upon it; she should step aside and pass along, and if she did it, her negligence would be contributory with the negligence of the city in producing the injury and she could not recover. Now if she knew that this walk was slippery there at this place, such an elevation as Mrs. Chapman describes, she had no right to walk upon it. It was her duty to go to the outer edge, or possibly step off on the ground and pass by, and if she did this with full knowledge of the condi-

tion of the walk she is guilty of contributory negligence, and cannot recover at all. [3]

Verdict and judgment for plaintiff for $3,000. Defendant appealed.

*Errors assigned* were (1) ruling on evidence, quoting the bill of exceptions; (2, 3) above instructions, quoting them; (4) in not directing a verdict for defendant.

*George A Berry*, of *Berry & Edgett*, with him *F. P. Schoonmaker*, city solicitor, for appellant.—The city was not required to maintain the sidewalk free from ice: McDade v. Chester, 117 Pa. 414; Grant v. Erie, 69 Pa. 420; Carr v. Northern Liberties, 35 Pa. 324; Lehigh County v. Hoffort, 116 Pa. 119; Chartiers Twp. v. Langdon, 114 Pa. 541; Monongahela City v. Fischer, 111 Pa. 9; Hill v. Boston, 122 Mass. 344; Chidsey v. Canton, 17 Conn. 475; Reed v. Belfast, 20 Maine, 248; Eastman v. Meredith, 36 N. H. 284; Hyde v. Jamaica, 27 Vt. 443; Pray v. Jersey City, 32 N. J. L. 394; Detroit v. Blackeby, 21 Mich. 84; Young v. Charleston, 20 S. C. 116; Tranter v. Sacramento, 61 Cal. 271; Altnow v. Sibley, 30 Minn. 186; Taylor v. Yonkers, 105 N. Y. 202; Hixon v. Lowell, 13 Gray, 59; Hanson v. Warren Borough, 2 Monaghan, 595; Gavett v. Jackson, 32 L. R. A. 861; Kaveny v. Troy, 108 N. Y. 571.

It is contributory negligence to go upon a sidewalk which the foot passengers perceive to be slippery: Erie v. Magill, 101 Pa. 616; Schaefler v. Sandusky, 33 Ohio, 246; Durkin v. Troy, 61 Barb. 437; Aurora v. Pulfer, 56 Ill. 270; Quincy v. Barker, 81 Ill. 300; Evans v. Utica, 69 N. Y. 166; Wilson v. Charlestown, 8 Allen (Mass.), 137; Belton v. Baxter, 54 N. Y. 245; Penna. Co. v. Rathgeb, 32 Ohio, 66.

*Mullin & Mullin*, for appellee, were not heard, but in their printed brief said: A municipal corporation is bound to keep the streets, roads and bridges over which it has jurisdiction, in good repair: Fritsch v. Allegheny, 91 Pa. 226; Dean v. New Milford Twp., 5 W. & S. 545; McLaughlin v. Corry, 77 Pa. 109; Twp. of Newlin v. Davis, 77 Pa. 320; Wyman v. Philadelphia, 175 Pa. 117.

PER CURIAM, May 16, 1898:

We find no error in this record. The learned court was

clearly right in refusing to sustain defendant's objection to the offer of evidence recited in the first specification, and· also in refusing to affirm the point, for charge, quoted in the second. The two remaining specifications must also be overruled. The testimony properly before the jury was quite sufficient to require submission of the case to them; and that was fairly and impartially done in a charge that is fully adequate and free from substantial error.

Judgment affirmed.