Bruce Steel and Mary Steel, his wife, *v.* The Burgess and Town Council of the Borough of Huntingdon, Pa.

*Question for jury—Streets—Acceptance of streets by borough—Negligence —Contributory negligence.*

The case is for the jury where there is evidence which, if believed, establishes the following facts: that plaintiff was injured at the intersection of two streets of the defendant borough which had been accepted by it as public streets; that the borough was guilty of negligence in not keeping same in reasonably safe and proper condition, and that by reason of that negligence plaintiff without contributory negligence on her part sustained the injuries complained of.

Argued April 17, 1899. Appeal, No. 267, Jan. T., 1898, by defendant, from judgment of C. P. Huntingdon Co., Feb. T., 1897, No. 6, on verdict for plaintiff. Before STERRETT, C. J., McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Trespass for personal injuries.    Before BAILEY, P. J.

It appears from the record that this was a joint action of trespass by husband and wife to recover damages for alleged personal injuries sustained by Mary Steel by falling into a ditch claimed to be within the limits of defendant borough.   There was evidence tending to show that that section of the street where the accident happened had been accepted by the borough and that the place had not been kept in a reasonably safe condition.   Defendant introduced evidence tending to show that the street in question had never been accepted by the borough and that it was not responsible for its condition; also that the plaintiff was guilty of contributory negligence.

Other facts appear by the opinion of the Supreme Court.

Verdict and judgment for Mary Steel for $1,000 and Bruce Steel for $500.   Defendant appealed.

*Error assigned* among others was refusal of binding instructions for defendant.

*J. D. Dorris* and *A. O. Furst*, with them *J. C. Jackson*, for appellant.—There must be an acceptance by a municipality before it becomes bound to keep streets or roads in repair : Hyde v. Jamaica, 26 Vt. 443; Oswego v. Canal Co., 6 N. Y. 257.

There can be no dedication of land to a city for a street without an acceptance of the same by it: St. Louis v. University, 88 Mo. 155; State v. New Boston, 11 N. H. 412; State v. Carver, 5 Strobhart (S. C.), 217.   See also Munn v. Pittsburg, 40 Pa. 364.

The only testimony affecting the question of contributory negligence was that of Mrs. Mary Steel, the plaintiff, and it was therefore for the court to pass upon its legal effect: Railroad Co. v. Cadow, 120 Pa. 572.

This law requires travelers on the footways of public streets to look where they are going, and especially when they are about to step upon the crossing of an intersecting street: Haven v. Bridge Co., 151 Pa. 620.

*W. H. Woods* and *H. H. Waite*, for appellee.

OPINION BY MR. CHIEF JUSTICE STERRETT, May 23, 1899:

This action of trespass was brought to recover damages for

personal injuries to Mrs. Steel caused by the alleged negligence of the defendant borough in not keeping Oneida and Seventeenth streets in proper repair. The defense interposed was contributory negligence on the part of Mrs. Steel, the injured plaintiff, and that the streets, at the intersection of which she was injured, were not public streets of the borough. A considerable number of witnesses were called by the plaintiffs to prove their case. It does not appear by the record that defendant borough moved for a nonsuit; on the contrary, it undertook to rebut plaintiffs' evidence, and, at the close of the case, requested, inter alia, binding instructions to the effect that Mrs. Steel was guilty of negligence which contributed to her injuries, etc.

Without undertaking to refer in detail to the evidence relating to the unsafe condition of the streets above mentioned at their intersection, or to the alleged contributory negligence of Mrs. Steel, it is sufficient to say as to the latter, that there is no evidence in the case that would warrant any trial court in saying, as matter of law, that she was guilty of contributory negligence, and as to the former, it is quite sufficient to say that if the defendant borough was legally responsible for the condition of said streets at the point in question there was an abundance of evidence in the case to satisfy the jury that it was guilty of negligence in not keeping them in reasonably safe and proper condition for use by pedestrians or others. The question as to whether said streets were public streets of the borough or not was also for the jury under proper instructions by the court.

The questions of fact involved in the case, including the questions of negligence and contributory negligence, were fairly submitted to the jury in a clear, substantially accurate and fully adequate charge, of which the defendant borough has no just reason to complain. Among other things, the learned trial judge instructed them thus: " Proprietors of land lying within the territorial limits of a borough cannot lay it out in lots and streets as their personal interests may suggest, and thereby, without the assent of the borough, impose on it the duty of keeping these streets in repair, or subjecting it to damages for injuries which persons may sustain in passing or attempting to pass over them. The borough must do something to indicate its acceptance of them, as public highways, to render it liable

for injuries sustained upon them.   Mere silence on its part is not sufficient to do so.   It may accept a part of them, and not be liable to keep in repair those not accepted.   Neither will the use of those not accepted, by the owners of lots abutting on them, or by others, delivering coal, flour, hay or produce for the occupants of the lots, or for any other purpose, render the borough liable for their proper and reasonable repair, for the reason that the borough could not prevent and had not the right to interfere with such use of them.   It must therefore appear from the preponderance of evidence that the borough council,—— the only authority that had power to ordain streets within the borough,——did something to indicate that it accepted them as public highways, before the borough can be held liable for injuries sustained upon them. . . ."   This acceptance may be shown either by ordinance or by repairs to the streets directed to be made by council when assembled.   If the repairs to the street at the point in question were by the street commissioner, or a street committee, or even by the chief burgess, then there is no evidence of the acceptance unless the council subsequently ratified them.   Such subsequent ratification may be shown by payment of the expenses of repairs; but the mere payment of money to the street commissioner, or person making the repairs, is not evidence of ratification unless the council at the time, was aware that it was paying for repairs to these streets, and knowingly did pay for them.

These instructions were fully warranted by competent evidence of different acts strongly indicative of acceptance of the streets at the point where Mrs. Steel was injured, viz: the intersection of Oneida and Seventeenth streets.   Special reference in detail to the evidence of those acts is unnecessary.   It was clearly for the jury and, of course, it was passed upon by them in making up their verdict.

In view of the evidence before the jury and of the instruc-tions under which it was submitted, their verdict for the plain tiffs necessarily implies a finding by them of substantially these facts: That the streets forming the intersection of Oneida and Seventeenth—the place where Mrs. Steel was injured—were accepted as public streets by the borough; that it was guilty of negligence in not keeping the same in reasonably safe and proper condition, and that by reason of that negligence, Mrs

Steel, without contributory negligence on her part, sustained the injuries complained of. Predicated of these established facts, the jury completed their verdict by ascertaining the damages to which plaintiffs were respectively entitled.

There is nothing involved in either of the specifications of error that requires further notice. Neither of them is sustained.

Judgment affirmed.