## Downing, Appellant, *v.* Coatesville Borough.

*Negligence—Boroughs—Streets—Dedication of street—Acceptance by municipality.*

No recovery can be had from a borough for personal injuries sustained by a fall in a hole in a street where it appears that the portion of the street in which the hole was located had been dedicated to public use by an adjoining landowner for his own convenience, but had never been accepted by the borough as a public street.

Argued Feb. 5, 1906. Appeal, No. 263, Jan. T., 1905, by plaintiff, from order of C. P. Chester Co., Jan. T., 1905, No. 74, refusing to take off nonsuit in case of Annie S. Downing v.

Coatesville Borough.   Before MITCHELL, C. J., FELL, BROWN,. ELKIN and STEWART, JJ.   Affirmed.

Trespass to recover damages for personal injuries.   Before HEMPHILL, P. J.

From the record it appeared that plaintiff was · injured by falling in a hole on a sidewalk in the borough of Coatesville. There was evidence that the portion of the street in which the hole was located had been thrown· open to public use by a former owner of an adjoining property, but there was no evidence that the strip in question had been accepted as a public street by the borough.

. The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off .nonsuit.

*Granville L. Rettew,* for appellant, cited: Com. v. Moorehead, 118 Pa. 344; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Com. v. Llewellyn, 14 Pa. Superior Ct. 214; Root v. Com., 98 Pa. 170; Com. v. Cole, 26 Pa. 187; Murray v. Wilkes-Barre Lace Mfg. Co., 10 Kulp, 566; People v. Loehfelm, 102 N. Y. 1; Green v. Town of Canaan, 29 Conn. 157; City of Hammond v. Maher, 30 Ind. App. 286.

*Alfred P. Reid,* for appellee, cited: Com. v. Moorehead, 118 Pa. 344; Steel v. Huntingdon Borough, 191 Pa. 627; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; Com. v. Cole, 26 Pa. 187; Washington Borough v. Steiner, 25 Pa. Superior Ct. 392; Com. v. R. R. Co., 135 Pa. 256; Root v. Com., 98 Pa. 170; Com. v. Royce, 152 Pa. 88; Verona Borough v. R. R. Co., 152 Pa. 368; Weiss v. South Bethlehem Boro., 136 Pa. 294.

PER CURIAM, March 5, 1906:

The learned judge below conceding that throwing open a strip of his lot as a part of a street to the public for a number of years, may amount to dedication to public use as against the owner, nevertheless states accurately the rule that such action by the owner cannot of itself make the land part of the street

so as to bind the municipality. Some act of acceptance on the part of the municipality must be shown before it can be held liable for failure to keep in repair, etc., citing : In re Alley in Pittsburg, 104 Pa. 622 ; Com. v. Moorehead, 118 Pa. 344, and Steel v. Boro. of Huntingdon, 191 Pa. 627.

. Applying this rule to the facts before him the judge said : " In our case there was no evidence whatever of the acceptance of this sidewalk by the borough by either act or deed ; it apparently was thrown open to the public street by Miss Perkins for the convenience and accommodation of her tenants, for on her property immediately north where she resides, she still retains her fence along the eastern side of the roadway." This amply sustains the nonsuit.

Judgment affirmed.