## Johnstin v. McKeesport, Appellant.

*Negligence—Municipalities—Defective stairway—Streets—Master and servant.*

In an action against a city to recover damages for personal injuries, it appeared that the plaintiff was employed at one of the city's pumping stations. His injuries were caused by a fall on a defective stairway which he alleged was on the premises of the pumping station, and which the city should have therefore kept in repair. There was no evidence that the city had constructed the stairway, or that it was a part of the pumping station. It did appear that the employees at the station used the stairway going and coming from their work, but it also appeared that it was not necessary for them to use it, that there were other and safer ways, and that the plaintiff himself used other ways half of his time in going to and returning from his work. There was affirmative evidence that the stairway had been built by a former chief engineer of the city for his own particular use, without any authority or instructions from the city, and without any contribution by it of money or material. The stairway in question was on the line of a street laid out on a private plan of lots, but there was no evidence that the city had in any way ever accepted the street. *Held*, that the city was not liable for plaintiff's injuries.

Argued Oct. 31, 1906. Appeal, No. 135, Oct. T., 1906, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1903, No. 872, on verdict for plaintiff in case of Eli

H. Johnstin v. City of McKeesport. Before MITCHELL, C. J., FELL, BROWN, MESTREZAT, POTTER, ELKIN and STEWART, JJ. Reversed.

Trespass to recover damages for personal injuries. Before BROWN, J.

The facts are stated in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $4,000. Defendant appealed.

*Error assigned* was in refusing binding instructions for plaintiff.

*W. B. Rodgers*, with him *W. E. Newlin*, for appellant, cited: Keenan v. New York, etc., R. R. Co., 2 Misc. 34 (21 N. Y. Supp. 445).

*J. S. Ferguson*, with him *E. G. Ferguson* and *Calhoun & Johnson*, for appellee.

OPINION BY MR. JUSTICE MESTREZAT, January 7, 1907:

This is an action of trespass brought by the plaintiff to recover damages for personal injuries which he sustained in falling on a defective stairway.

The city of McKeesport is at the junction of the Monongahela and Youghiogheny rivers. In a private plan of lots in an addition to the city, there are three streets running parallel with each other and with the Youghiogheny river. The first and nearest the river is Walnut, the second Locust and the third Jenny Lind street. The ground rises abruptly from the river up to and beyond Jenny Lind street. Fourteenth, Fifteenth and Sixteenth streets run at right angles with the three streets just named and extend from Walnut to Jenny Lind street. Street cars are operated on Locust and Walnut streets as far as Sixteenth street. This last named street has never been improved, but there is a path on it for some distance from Locust towards Walnut street, and then a stairway of twelve steps leads down to Walnut street. Fourteenth street can be used by pedestrians between Locust and Walnut streets. The defendant owns and operates a waterworks plant. The

pumping station is on the Youghiogheny river just below Walnut street in the outskirts of the city. The Baltimore & Ohio Railroad Company's double track line is parallel with Walnut street and between it and the pumping station. There is a stairway leading from the pumping station to the tracks of the railroad, also one leading from those tracks to Walnut street, and they are used by persons having occasion to go to or from the pumping station to the city. There is a reservoir on the top of the hill above Jenny Lind street, and the city has an underground water main from the station up Sixteenth street to the reservoir, and also a supply line on Sixteenth street alongside of the main.

The plaintiff is a man of sixty-eight years of age and resides on Coursin street, a short distance from Fifth avenue in McKeesport, and about one mile from the city's pumping station. For two and a half years prior to May 16, 1902, he was employed at the pumping station, the last two years of his employment being as a coaler. From his home to the place of his employment, he could go by the street cars on Locust street and thence to Walnut street either by Fourteenth street or by the path and stairway on Sixteenth street, and thence to the pumping station. Instead of using the Locust street railway, he could go by the Walnut street railway to the point at which it was necessary for him to leave the street to go down to the pumping station.

On the evening of May 16, 1902, shortly before six o'clock, he left his home for the pumping station. He took the Locust street car, went to Sixteenth street, followed the path on it to the stairway, and while passing down the stairway a step or steps broke and he was thrown down and injured. He alleges that the stairway was erected by the city for the use of its employees at its pumping station and was part of the station premises, and that his injuries were occasioned by the city failing to keep the stairway in proper repair and proper condition for use. He further avers in his statement that Sixteenth street is a public highway, and that the stairway erected thereon formed a part of the highway and was open for the use of all persons who desired to travel along it, and that the city was negligent in not keeping it in a good condition and in proper repair.

The learned judge of the court below instructed the jury that the location of the water line on Sixteenth street was a taking of the highway by the city, in a limited sense, for water purposes, and that the line required inspection from time to time by the water department of the city.  He, however, did not submit the case to the jury to determine the negligence of the city in not keeping in repair the stairway as a part of Sixteenth street.  He held, and so instructed the jury, that under the circumstances of the case, " the steps became practically part of the working plant of that water department, just as the ways around a mill and through a mill, and between connecting mills, between one part of the plant and another, a part of the system ; if these were so constructed, and these steps were constructed for that general use, then it was the duty of the city, by reasonable inspection from time to time, to see that the steps were kept in reasonable repair."  The right of the plaintiff to recover for his injuries, therefore, was made to depend upon whether the city as a master had performed its duty in providing a safe place for the plaintiff, its employee, to work, and had maintained it in a reasonably safe condition by inspection and repair.

We think the learned judge clearly erred in holding that the stairway which occasioned the plaintiff's injuries was a part of the premises of the pumping station at which he was engaged, and that therefore the city must observe the duty of a master in keeping the stairway in repair.  There was no evidence in the case whatever to justify the conclusion that the stairway on Sixteenth street was a part of the pumping station premises, or that it had been erected by the city for the use of its employees at the station, or that the city had ever directed or instructed its employees at the station to use it in going to and returning from their employment at the station.  It is quite true that the plaintiff, and possibly some other witnesses, testified that the employees at the station did use the stairway in going from the city to the station and back, but that is the only testimony that would in any way tend to show that the stairway was constructed for the use of the city's employees at the station.  On the other hand, it appears by the testimony of Mr. Brisbin, who was the chief engineer of the McKeesport waterworks from 1892 to 1896, that he had this

stairway constructed for his own convenience in going from one pumping station to the other, and without any authority or instructions from the city and without any contribution by it of money or material.   Mr. Brisbin's testimony is not contradicted or in any way discredited by any testimony in the case, and hence the court was not at liberty to disregard it nor permit the jury to disregard it.   It must therefore be taken as a fact that the stairway in question was not only not a part of the pumping station premises required to be kept in safe condition for the city employees at the station, but that it was not erected or authorized to be erected by the city for use by its employees.

It was not necessary for the plaintiff or other city employees engaged at the pumping station to use this stairway in going to and returning from their work.   There was a street car line on Walnut street as well as on Locust street which could have been used by the employees, and thereby the use of the stairway could have been obviated.   If, also, the plaintiff desired to use a Locust street car in going to or returning from his work, he could have alighted at Fourteenth instead of Sixteenth street, passed down Fourteenth street one square to Walnut street, and thence to the station.   In either way he could have avoided the use of this stairway with which he says he was familiar and which he knew to have been in use for at least the time of his services at the pumping station. As conclusive on the plaintiff that he could and did use another or other routes in going from his home to the pumping station and back is the fact, established by his own testimony, that he used this stairway "probably half of my time" in going to and returning from his work.   It is therefore apparent that his use of the stairway was nothing more than a convenience to him and not a necessity.

It may also be claimed by the plaintiff that it was necessary for the city's employees at the pumping station to use these steps in going from the station to the reservoir on the hill; but if that be true, it would not make the stairway on that street any more a part of the premises of the pumping station than any other street which the employees were compelled to travel in passing between those points.   Besides, there is no evidence in the case to show that it was absolutely necessary for the city's

employees in going from the pumping station to the reservoir to pass along Sixteenth street. The most that can be said is that it was possibly the more direct route, but it appears that they could have gone by another, although probably a more indirect and longer, route between the station and reservoir.

We think that, under the facts of the case, there is no ground or reason for holding that the stairway on which the plaintiff was injured was "part of the working plant of the water department" of the city, so as to charge the city with the duty of keeping it in safe condition for use by its employees engaged at the pumping station. It follows, therefore, that the defendant is not responsible to the plaintiff as its employee for the defective condition of the stairway resulting in his injuries.

The learned judge held that Sixteenth street, laid out on a private plan of lots, had never been accepted by the city, except in a limited way by laying its water mains beneath the surface. There is no evidence in the case showing that the street has ever been improved or that any work has been done upon it by the city, or that the city in any way ever recognized it as one of its streets. The fact is, as appears by the evidence, that the hillside at this point is very steep and that it would be with great difficulty that the street could be improved so that the public could use it. There is, however, no evidence sufficient to show any acceptance of the street by the city, and hence there can be no liability to the plaintiff on its part for the non-repair of the stairway which caused his injuries.

The assignments of error are sustained, the judgment of the court below is reversed, and judgment is now entered in favor of the defendant and against the plaintiff.