## Scott and Union Township Road.

*Road law—Laying out public road—Plan of lots.*

1. Objection cannot be taken to the action of a jury of view in laying out a public road on the line of a street shown on a plan of lots, where there is nothing to show that such street.had ever been accepted as a public road by the public authorities.

2. A jury of view may adopt as a part of a public road between two termini a street upon a plan of lots dedicated to the public and accepted by the municipal authorities as a public road.

Argued April 15, 1909. Appeal, No. 26, April T., 1909, by Mary Snyder et al., from order of Q. S. Allegheny Co., March Term, 1907, No. 2, confirming reports of viewers and reviewers In re Road in Scott Township and Union Township. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Exceptions to reports of viewers and reviewers.

HAYMAKER, J., filed the following opinion.

On March 23, 1907, a petition, signed by certain inhabitants

of Scott and Union townships, was presented to this court, in which petitioners claim that they "labor under great inconvenience for want of a public road or highway to lead from a public road now known as Banksville Avenue, at the point of its intersection with Broadway, at street laid out in a plan by John Anderson, in said Township of Scott, to the macadamized county road, known as the Banksville macadamized road in the Township of Union, at or near land of John Munnigle," and praying for the appointment of viewers. Viewers were then appointed to make report to the next (June) term of this court. On June 8, 1907, their report was presented in court, approved, and ordered to be filed. The viewers reported in favor of the road. On August 9, 1907, on the petition of various inhabitants of said townships, alleging that this road, if confirmed, will be injurious and burdensome, reviewers were appointed, and after various orders of extension their report was presented in court on February 8, 1908, approved and ordered to be filed. The reviewers found in favor of the road, and their report differed but slightly with the report of the viewers, as to the location of the road between the termini. The viewers assessed damages sustained by the Anthony Snyder heirs at $200, and the reviewers at $400, and in both reports was a recommendation that the damages be paid by the county. On February 21, 1908, the heirs of Anthony Snyder, by leave of court, filed a motion to quash both reports, and on March 9, 1908, filed exceptions to both reports. The exceptions raise but a single question, and the same one, inter alia, is raised in the motion to quash, so that the disposition of the questions involved in the motion to quash will dispose of the exceptions, and they may be considered together. The various reasons assigned in the motion to quash are in substance:

1. That the viewers and reviewers located a road beginning at an angle in a public road, and thence, for some distance, along the center line of certain streets which had been theretofore dedicated to public use, and recommended that the width of the new road should be that of the width of these streets.

＊    ＊    ＊    ＊    ＊    ＊    ＊    ＊

The precept or order to the viewers and reviewers was for

a road to lead from a public road known as Banksville avenue, at a point where it intersects with Broadway, to the macadamized county road known as the Banksville road, near land of John Munnigle or McMonagle. The eastern terminus begins at an angle in a public road laid out at No. 4, March Sessions, 1987. Some confusion is created in the frequent mention of "Banksville avenue" and "Banksville road" in the record, but it will be observed that the public road at the eastern terminus is called Banksville avenue and Broadway and is thirty-three feet in width. This public road is not to be confounded with the Banksville avenue fifty feet in width, appearing on the draft accompanying the report of the viewers and reviewers. This draft shows a plan of lots, through which the road runs. Beginning at the eastern terminus it is located on Banksville avenue a distance of 454 feet, then on Maple avenue 553.31 feet, thence on Walnut avenue 574.70 feet, and thence along Beech street for a short distance, when it passes out of the plan of lots, and by various courses and distances reaches the western terminus, on the Banksville road, near the residence of John McMonagle. According to the plan of lots, Banksville avenue is fifty feet wide; Maple and Walnut avenues, and Beech street, each forty feet in width. The reports recommended as the width of the road, where it is located on streets, that of the width of the streets, and from the point where it leaves the street a width of thirty-three feet to the western terminus.

The exceptants, in their first reason, say that the streets over which the proposed road runs have been dedicated to public use, and the viewers, therefore, could not legally locate a public road upon them. The reports of the viewers and reviewers show a plan of lots between the termini of this road, upon some of the streets of which the proposed road is located. These reports do not show when the plan was made, that any of the streets have been opened, or used to the slightest extent, or that there is anything upon the ground to indicate their location or existence, and we are asked, from an inspection of the record, to set aside both reports because they locate a road upon streets dedicated to public use. There is nothing in the exceptions or motion to quash indicating a dedication of these streets to pub-

lic use, other than that these reports show a plan of lots with streets therein. Assuming that the proprietor of this plan has expressly dedicated these streets to public use, this alone would not make them public streets or highways, without acceptance by the township authorities,—Steel v. Huntingdon Borough, 191 Pa. 627; Com. v. Moorehead, 118 Pa. 344; Weida v. Hanover Township, 30 Pa. Superior Ct. 424; Com. v. Shoemaker, 14 Pa. Superior Ct. 194,—and the record does not disclose any evidence that these streets have been accepted by the township authorities, or that they have exercised any authority or control over them; nor is it claimed in the motion to quash or the exceptions that there has been any acceptance of these streets by the public authorities, or any public user. The laying out of a plan of lots, with streets and alleys, will not alone make them public highways, and the burden was upon the complainants to prove by evidence that the streets upon which the road was located had been accepted by the township authorities: Steel v. Huntingdon Borough, 191 Pa. 627; Com. v. Moorehead, 118 Pa. 344; In re Vacation of Alley, etc., 104 Pa. 622; Wieda v. Hanover Twp., 30 Pa. Superior Ct. 424; Com. v. Shoemaker, 14 Pa. Superior Ct. 194; In re Road in Borough of Taylor, 3 Lack. L. N. 194. One of the termini of an unopened street in a borough cannot be adopted as a terminus in proceedings to lay out and open a public road in an adjoining township: Plainfield Township Road, 1 North. 369; Broadhead v. Supervisor, etc., 2 Leh. Val. 381; In re Road in Springfield Township, 14 Montg. 97. While there is no evidence that these streets were ever laid out, opened, or used by the public, or have an existence, except upon paper, yet assuming that they are public highways, there would be no objection to the viewers adopting them in part reaching the termini fixed in the order. In the case, In re Road in Sterrett Township, 114 Pa. 627, the viewers adopted Franklin street in Wilkinsburg for the greater part of the new road, while that street had been laid out, opened and used by the public, and the viewers' report was sustained. To the same effect are the cases of Reserve Township Road, 80 Pa. 165; Road in Springdale Township, 91 Pa. 260; West Chester Road, etc., 2 Rawle, 421; Ross Township Road, 5 Pa. Superior Ct. 85; Road in Greene

Township, 21 Pa. Superior Ct. 418; Hess's Mill Road, 21 Pa. 217; Trickett's Pa. Road Law, pp. 6-9; Road in Hazle Twp., 6 Kulp, 463. In the case of Road in the Borough of Taylor, 3 Lack. L. N. 194, both ends of the road were placed on streets and highways, in order to reach the termini, and that case resembles this one in many of its features.

*Error assigned* was order confirming the reports.

*Noah W. Shafer*, for appellant, cited: Sadsbury Twp. Road, 147 Pa. 471; Milford Road, 4 Pa. 303.

*Hugh M. Stilley*, for appellee, cited: Springfield Twp. Road, 14 Montg. 97; Hess's Mill Road, 21 Pa. 217; Springdale Twp. Road, 91 Pa. 260; West Chester Road, 2 Rawle, 421.

PER CURIAM, May 21, 1909:

The order is affirmed upon that part of the opinion of the learned judge below which relates to the questions sought to be raised by the assignments of error.