## Grant, Appellant, *v.* Dickson City Borough.

*Negligence—Boroughs—Defective bridge—Acceptance of street by borough—Non-suit.*

1. In an action against a borough to recover damages for personal injuries suffered by falling through a bridge built by a land company and located on a street on the company's plan of lots, a non-suit is properly entered where there is no proof of the acceptance of the street by the borough.

2. In such a case the mere fact that work had been done on the street by the street commissioner before the accident, is immaterial, where there is nothing to show that the commissioner was acting in his official capacity, or that this action was at the instance or with the knowledge of the borough council, or that there had been a prior authorization or subsequent ratification of it.

Argued Feb. 19, 1912. Appeal, No. 246, Jan. T., 1911, by plaintiffs from order of C. P. Lackawanna Co., May T., 1907, No. 436, refusing to strike off non-suit in case of Kate Grant et al. v. Dickson City Borough. Before FELL, C. J., BROWN, POTTER, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before O'NEIL, J.

At the trial the court entered a compulsory non-suit which it subsequently refused to take off.

*Error assigned* was in refusing to take off non-suit.

*A. A. Vosburg,* with him *J. F. Murphy,* for appellants, cited: Weida v. Hanover Twp. 30 Pa. Super. Ct. 424;

Com. v. Llewellyn, 14 Pa. Super. Ct. 214; Com. v. Moorehead, 118 Pa. 344; Kennedy v. Williamsport, 11 Pa. Super. Ct. 91.

*Ralph W. Rymer* and *O'Brien & Kelly,* for appellee, cited:   Arnold v. Cornman, 50 Pa. 361; Root v. Com., 98 Pa. 170; Pearl Street, 111 Pa. 565; Pittsburgh Alley, 104 Pa. 622; Com. v. Shoemaker, 14 Pa. Super. Ct. 194.

PER CURIAM, March 18, 1912:

Kate Grant, one of the plaintiffs, was injured by falling through a bridge built by a land company and located on a street on its plan of lots.   A non-suit was entered because there was no proof of the acceptance of the street by the borough.   The street was laid out by the land company some four or five years before the accident.   Lots were first sold on it fourteen months before and a plan of the tract was recorded six months before.   The street was a narrow passage way first used by the company for convenience in carrying on its operations and later by the purchasers of lots in receiving supplies and by pedestrians as a short cut to a street of the borough.   The borough council had never taken any action in relation to the street and there was no general and long continued public use from which an acceptance of the street could be implied.   There was an offer of proof, rejected by the court, that work had been done on the street by the street commissioner before the accident.   This offer was carefully worded and was limited to proof of the bare fact that the commissioner had done work on the street.   There was no offer to show that the commissioner was acting in his official capacity or that his action was at the instance or with the knowledge of the borough council or that there had been a prior authorization or subsequent ratification of it. Proof to the full measure of the offer would not have warranted an inference of acceptance of the street.

The judgment is affirmed.