## Cunius, Appellant, v. Edwardsville Borough.

*Negligence — Boroughs — Hole in sidewalk — Setting back of building.*

Where an owner of a building abutting on a sidewalk sets back the building, but still continues to use the portion of the sidewalk previously covered by the building for the purpose of displaying goods, and the municipality does not by ordinance, or by any other act assume control of such space, the municipality cannot be held liable for injuries to a person who fell into a hole in the space.

Argued March 6, 1916. Appeal, No. 21, March T., 1916, by plaintiff, from judgment of C. P. Luzerne Co., June T., 1912, No. 415, for defendant n. o. v. in case of Annetta Cunius, by her next friend and father, Elmer Cunius, and Elmer Cunius v. Edwardsville Borough. Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before WOODWARD, J.

At the trial it appeared that the plaintiff fell into a hole in a sidewalk on Main street in the Borough of Edwardsville on May 10, 1911. The evidence showed that the portion of the sidewalk where the hole was had been previously covered by a building, which had been set back by its owner. The owner continued to use this portion of the sidewalk for displaying goods, and there

was no evidence that the borough had ever recognized in any way this portion of the sidewalk as a part of the street. The jury returned a verdict for plaintiff for $600.00, and for the plaintiff's father $432.00. Subsequently the court entered judgment for defendant n. o. v.

*Error assigned* was in entering judgment for defendant n. o. v.

*W. Alfred Valentine,* with him *L. Floyd Hess* and *Gomer W. Morgan,* for appellants.—If a city or town invites the public to use a sidewalk, although it may be built on private ground, the duty is imposed of keeping it in a reasonably safe condition: Farrell v. Plymouth Borough, 26 Pa. Superior Ct. 183; Plattsmouth v. Mitchell, 29 N. W. (Neb.) 593; Veale v. Boston, 135 Mass. 187; Alger v. City of Lowell, 3 Allen (Mass.) 402; Hayden v. Attleborough Inhabitants, 7 Gray (Mass.) 338.

*Eugene A. Brennan,* with him *Jonah R. Davies,* for appellee, cited: Gowen v. Philadelphia Exchange Co., 5 W. & S. 141.

OPINION BY TREXLER, J., May 8, 1916:

In Downing v. Coatesville Borough, 214 Pa. 291, the plaintiff was injured by falling into a hole in a sidewalk in the Borough of Coatesville. There was evidence that the portion of the street in which the hole was located had been thrown open to public use by a former owner of an adjoining property, but there was no evidence that the strip in question had been accepted as a public street by the borough. It was held in that case that although the throwing open of a lot and making it a part of a street may amount to a dedication to public use as against the owner, nevertheless, such action by the owner cannot of itself make the land part of the street so as to

bind the municipality. Some act of acceptance on the part of the municipality must be shown before it can be held liable for failure to keep in repair, etc.

In the case at bar, the portion of the pavement in which the cellar entrance into which the plaintiff fell was located, had formerly been covered by the building on the premises. Afterwards the front of the building was torn away and the building set back and the intervening space was made a part of the sidewalk by the owner, but his tenant continued to occupy it for the purpose of displaying goods, and the owner never relinquished his ownership or control. That the public used the intervening space as a means of passage is not a determining factor. Mere silence on the part of the borough does not imply acceptance: Steel v. Huntingdon Boro., 191 Pa. 627. It did not appear in the case that the borough by an ordinance or by any other act assumed control over the portion in question. It was incumbent upon the plaintiff to produce evidence showing that the borough accepted the part of the sidewalk where the injury occurred or in some manner recognized it, but they failed to do this and the court was right in entering judgment for defendant: Gowen v. Philadelphia Exchange Co., 5 W. & S. 141; In re Alley in Pittsburgh, 104 Pa. 622; Com. v. Moorehead, 118 Pa. 344; Weiss v. So. Bethlehem Boro., 136 Pa. 294; Waters v. Philadelphia, 208 Pa. 189; Scott and Union Township Road, 39 Pa. Superior Ct. 361.

We need not consider the question of contributory negligence.

The assignments of error are overruled and the judgment is affirmed.