## Wahl v. McKees Rocks Borough, Appellant.

*Negligence—Boroughs—Defective step in walk—Private way.*

A borough cannot be held liable for personal injuries resulting from a defective step in a set of steps with platforms, on a side of a steep hill largely used by the public, where it appeared that the steps were wholly on private property, that the borough had not built them, or adopted them as a public way, that while the street commissioner or street committee had made some slight repairs, such repairs had not been authorized by the council, and in fact not reported to it, and that no account of expenditure for this purpose had been rendered to the council.

Submitted April 24, 1916.   Appeal, No. 14, April T., 1916, by defendant, from judgment of C. P. Allegheny Co., Nov. T., 1909, No. 689, on verdict for plaintiffs in case of David Wahl and Bridget Wahl, his wife, v. Mc-Kees Rocks Borough.   Before ORLADY, P. J., HENDERSON, KEPHART, TREXLER and WILLIAMS, JJ.   Reversed.

Trespass to recover damages for personal injuries. Before MACFARLANE, J.

The facts are stated in the opinion of the Superior Court.

Verdict and judgment for David Wahl for $550 and for Bridget Wahl for $1,000.   Defendant appealed.

*Error assigned* was in refusing binding instructions for defendant.

*Edward F. Duffy* and *R. S. Martin,* for appellant, cited in their printed brief: Steel v. Huntingdon Borough, 191 Pa. 627; Johnstin v. McKeesport, 216 Pa. 633; Whiting v. Lake, 91 Pa. 349; Kroll v. Philadelphia, 240 Pa. 131.

*W. J. Brennen,* for appellee, cited in his printed brief: Rothwell v. California Borough, 21 Pa. Superior Ct. 234;

Nanticoke Borough v. Warne, 106 Pa. 273; Markle v. Berwick Borough, 142 Pa. 84; Schenley v. Com., 36 Pa. 29; Weiss v. South Bethlehem Borough, 136 Pa. 294; Weir v. Plymouth Borough, 148 Pa. 566; Bahan v. Avoca Borough, 154 Pa. 404.

OPINION BY HENDERSON, J., July 18, 1916:

The accident for the consequences of which this action was brought is alleged to have been caused by the giving way of a step over which Mrs. Wahl was walking. Nine or more sets of steps with platforms or slopes separating them were located along an irregular and broken line on the hillside between Island avenue and Etna street on the property of David Shaw in the Borough of McKees Rocks. These stairways and the intervening spaces were used to a greater or less extent by persons passing between the streets named. It is charged in the declaration that the steps were built by the borough but the plaintiff failed to prove that averment and there is no evidence to show that the borough was in any way connected with the building of them or with the establishment of a path between the two streets. The evidence is uncontradicted that these structures were wholly on private property and not in any way an extension of any street or alley within the borough. The evidence by which the plaintiff undertook to charge the defendant with responsibility for the maintenance of the steps related to the action of the street commissioner in directing his inspector of walks and ways to make any slight repairs which seemed to be necessary on the steps; the declaration of a former member of council that the steps were in charge of the street committee; the testimony of a former street commissioner that it was his duty to look after these steps and notice by the street commissioner to certain members of the council some months before the accident that the steps were out of repair. The evidence showed that within two years before the accident the street commissioner's inspector had made some slight

repairs on one or more sections of the steps and the street committee had notice of the need of repairs but the case is destitute of evidence to show that the borough council directed any repairs to be made on the premises or that it had any knowledge that repairs had been made. There is nothing in the record to show that the subject of these steps was brought to the attention of the council in session, that it ever authorized any money to be expended for work on them or that any report was made to it of any act of the street commissioner or the street committee in the way of repair. It seems not to be questioned that on one or more occasions the street commissioner in office at the time the accident occurred authorized one of his subordinates to drive some nails or replace a board as necessity seemed to require but so far as the case shows this was the voluntary action of the street commissioner or perhaps of the street committee but no account of expenditure for this purpose was shown to have been rendered to the council. The case stands wholly therefore on the unauthorized action of the street commissioner or the street committee or both with reference to some inconsiderable repairs made on one or more of the numerous sections of this walk, for it is conceded by the learned counsel for the plaintiff that the defendant's liability can only arise out of an acceptance of the steps as part of a public way. It is familiar doctrine that the proprietor of land cannot impose the burden of maintenance on a municipality by opening a street or alley on his land. There must be such municipal action by ordinance or by the officials of the municipality with the authority of the latter as amounts to an acceptance of the way. The borough council is the only authority which has power to establish streets within the borough and it is its action as a council which binds the borough. When it accepts a street or alley or directs such repairs to be made thereon as indicate an adoption thereof responsibility for the failure to maintain in proper condition arises but before such liability can be fixed the burden is

on the plaintiff to establish the fact by competent evidence that the council has so acted.  The mere fact that repairs are made by the street commissioner or a street committee is not evidence of acceptance unless such action is ratified by the council.  If the cost of repairs made is subsequently paid by the council with the knowledge that it was paying for the repair of the walk such action might amount to a ratification but without this there is no support for a charge of responsibility: Steel v. Huntingdon Boro., 191 Pa. 627; Downing v. Coatesville Boro., 214 Pa. 291; Johnstin v. McKeesport, 216 Pa. 633.  We are not informed who constructed these steps nor do we find anything in the evidence to show that the use of them by the public was made with a claim of right nor that it was exclusive.  They may have been constructed by the owner of the premises and the use by the plaintiff and others may have been concurrent with that of the owner and with his permission in which case a right adverse to that of the owner would not arise: Weiss v. Boro. of South Bethlehem, 136 Pa. 294.  The cases in which municipalities have been made responsible for the conduct of their officials for work on public streets where the question was whether the official was authorized to do the particular work as in Weir v. Plymouth Boro., 148 Pa. 566, do not support the plaintiff's case.  Where the official is acting within the general scope of his authority on a public street a different question is involved.  Here it must first be made to appear that there was a public way before the duty of repair arises and the unauthorized act of an official who is without power to bind the municipality is not effective to create such a duty.  Under all of the evidence therefore we are of the opinion that the plaintiff failed to establish the obligation of the defendant to maintain the steps where the accident is said to have occurred.

The fourth assignment is therefore sustained and the judgment reversed.

HENDERSON, J., July 18, 1916:

The plaintiff's action was tried with that of David Wahl against the same defendant, in which case an opinion was this day handed down reversing the judgment of the court below. This case arises out of the same state of facts and involves the same legal principles. For the reasons given in the case of David Wahl, this judgment is reversed.