Koerth *v.* Turtle Creek Borough et al., Appellants.

122

Argued October 7, 1946. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON, STEARNE and JONES, JJ.

*Charles A. Fagan, Jr.*, for appellant, No. 24.

*John R. Bredin*, with him *Robert D. Dalzell, Bruce R. Martin* and *Dalzell, McFall, Pringle & Bredin*, for appellant, No. 136.

*James P. McArdle*, with him *Edward Pearlman*, for appellee.

OPINION BY MR. JUSTICE HORACE STERN, November 8, 1946:

Plaintiff, while walking one night in February, 1945, on what she characterizes as a "sidewalk" of Mercer Street in the Borough of Turtle Creek, stepped into a hole and suffered injuries for which she obtained a verdict against the Borough, with recovery by the latter in turn against the corporate abutting property owner which had been brought in as additional defendant. But, unfortunately for plaintiff, she failed to establish any duty owed to her by either the Borough or the property owner and because of that fundamental defect in her action the judgments must be reversed.

The Borough of Turtle Creek paved and curbed the cartway of Mercer Street in 1929, but neither then nor at any subsequent time did it make any provision for laying out, grading or paving sidewalks. At various times the owners of residences or other buildings abutting on the street voluntarily installed and cemented walks in the fronts of their properties, but, save in a few instances, this was not done by the owners of vacant lots. Plaintiff, proceeding in semi-darkness along a walk

thus paved, came to the unbuilt-upon property of the additional defendant, Turtle Creek Land and Improvement Company; here the paving abruptly stopped and there was no continuing pathway of any kind. As her foot crossed the property-line it descended into a hole which extended for a distance of about a foot and a half to two feet from the curb to a large solid rock which protruded out from the deep interior of the lot to within that distance of the cartway. This so-called "hole" was in reality a depression of about eight to ten inches in the level of the property below that of the sidewalk on the property adjoining; if not part of the natural contour of the ground it had at least been in existence for a great number of years.

Assuming, for present purposes, that plaintiff was not guilty of contributory negligence, the vital question in the case is whether the Borough was legally responsible for the condition of the place where she fell. It is, of course, the duty of a municipality to maintain its sidewalks in a reasonably safe condition or, rather, when it has reasonable notice express or implied of a defective condition, to see that the property owner performs his duty to make the necessary repairs, the liability of the latter being primary and absolute, that of the municipality secondary and supplemental.[1] But no obligation rests upon it to construct, or to order property owners to construct, any sidewalks at all. The General Borough Act of May 4, 1927, P. L. 519, sections 1801, 1802 and 1805, provides that boroughs may ordain and lay out sidewalks, establish their grades, fix their width, and require their grading, paving and repairing by the owners of lots fronting thereon. But these are grants of powers,

---

[1] *Mintzer v. Hogg*, 192 Pa. 137, 144, 145, 43 A. 465, 466; *Gillard v. City of Chester*, 212 Pa. 338, 61 A. 929; *McLaughlin v. Kelly*, 230 Pa. 251, 256, 79 A. 552, 554; *Vinnacombe v. Philadelphia and American Stores Co.*, 297 Pa. 564, 147 A. 826; *Pittsburgh v. Reed*, 74 Pa. Superior Ct. 444.

not the imposition of mandatory duties, and a borough cannot be made liable for damages resulting from the non-exercise of its discretionary powers: *McDade v. Chester City,* 117 Pa. 414, 423, 424, 12 A. 421, 422; *Miller v. City of Bradford,* 186 Pa. 164, 165, 166, 40 A. 409, 410. Although the councilmen of the Borough of Turtle Creek were frequently importuned by citizens to establish a sidewalk at the point where this accident occurred, they were under no legal obligation to take such action and their failure to do so did not impose responsibility upon the Borough for any consequences resulting therefrom. They were not required, merely because they had paved the highway for the benefit of vehicular traffic, to create sidewalks for the convenience of pedestrians. It is true that in order to establish the liability of a borough for injuries caused by defects in a sidewalk it is not necessary to prove that the borough council had taken official action by ordinance or otherwise to ordain the sidewalk, to construct or to order its construction, or to accept it if dedicated by the property owners; a recognition of the sidewalk as a public highway may be indicated in other ways, as for example, by the borough authorities making repairs to it, or by their tacit acquiescence in a general and long-continued use of it by the public even though for less than the period required to establish a prescriptive right.[2] But at least some such act of adoption on the part of the municipality

---

[2] *Commonwealth v. Moorehead,* 118 Pa. 344, 353, 12 A. 424, 426; *Steel v. Huntingdon Borough,* 191 Pa. 627, 630, 43 A. 398, 399; *Ackerman v. City of Williamsport,* 227 Pa. 591, 594, 76 A. 421; *Kniss v. Borough of Duquesne,* 255 Pa. 417, 100 A. 132; *Felt v. West Homestead Borough,* 260 Pa. 11, 13, 14, 103 A. 508, 509; *Milford Borough v. Burnett,* 288 Pa. 434, 438, 136 A. 669, 671; *Philadelphia Electric Co. v. Philadelphia,* 303 Pa. 422, 432, 154 A. 492, 496; *Gass v. City of Pittsburgh,* 91 Pa. Superior Ct. 290; *O'Brien v. Jeannette Borough,* 128 Pa. Superior Ct. 443, 448, 449, 194 A. 314, 316; *Wensel v. North Versailles Township,* 136 Pa. Superior Ct. 485, 491, 492, 7 A. 2d 590, 593.

must be shown before it can be held liable for failure to keep the sidewalk in repair.[3]

In the present record there is no evidence of any use by the general public of a passage over the lot where plaintiff's accident occurred. As far as the testimony discloses she may have been the first and only person who ever attempted to pass through the very narrow space between the curb and the rock; there is nothing to indicate that there was at that point even an unimproved footpath; indeed the rock itself showed that no such way had ever been opened to the public for travel. Nor did the Borough authorities at any time perform any act, take any measure, or exercise any control, which would serve to constitute an acceptance of the place of the accident as a public thoroughfare.

Since it was not shown that the Borough owed any legal duty to plaintiff under the circumstances, and since the jury should therefore have been directed to return a verdict in favor of defendant, it automatically follows that the latter's judgment against the additional defendant must also be reversed, for the latter was brought upon the record only on the ground of liability over. Even apart, however, from any question of pleadings, it is clear that the evidence did not establish a right of recovery by plaintiff against the property owner any more than against the Borough. It is true that, where persons are permitted to use a path over another's property for some length of time, and, although with full knowledge of such use, no objection thereto is made by the owner, the latter owes to such persons the duty of ordinary care, and is bound, as to such licensees, to see that there are no dangerous pitfalls, or, if they exist, to

---

[3] *Downing v. Coatesville Borough*, 214 Pa. 291, 63 A. 696; *Johnstin v. McKeesport*, 216 Pa. 633, 638, 65 A. 1114, 1116; *Grant v. Dickson City Borough*, 235 Pa. 536, 84 A. 454; *Philadelphia Electric Co. v. Philadelphia*, 303 Pa. 422, 432, 154 A. 492, 496; *Cunius v. Edwardsville Borough*, 63 Pa. Superior Ct. 118; *Wahl v. McKees Rocks Borough*, 64 Pa. Superior Ct. 155.

give reasonable notice or warning in order to avoid injuring those in the habit of using the way: *Kay v. Pennsylvania R. R. Co.*, 65 Pa. 269, 273; *Fortunato v. Shenango Limestone Co.*, 278 Pa. 499, 503, 123 A. 482, 483; *John v. Reick-McJunkin Dairy Co.*, 281 Pa. 543, 546, 547, 127 A. 143, 144; cf. *DiMarco v. Pennsylvania R. R. Co.*, 321 Pa. 568, 183 A. 780. But, as already pointed out, there is no evidence in the present case that the property owner had knowledge of any use of its lot as a passageway, or even that such a use existed, nor did the owner ever, either expressly or impliedly, dedicate any portion of its property as a sidewalk. From all that appears, therefore, plaintiff was, from a legal standpoint, in the position, not of a licensee, but of a trespasser, and, since the property owner was not aware of her presence, it owed her no duty with respect to the condition of the land.

Plaintiff asserts that the question concerning the status of the place of the accident as a public sidewalk was not raised in the court below. As far as pleadings are concerned, defendant, as a municipality, was not required to file an affidavit of defense setting out its proposed defenses. The record shows remarks by the court during the progress of the trial, subsequently repeated in its charge to the jury, which would seem to indicate that the liability of the Borough with respect to the sidewalk was in fact discussed. But, be that as it may, both defendants presented points for binding instructions, and their subsequent motions for judgment n. o. v. comprehended any defense apparent on the record: see *Liquid Carbonic Company v. Truby*, 40 Pa. Superior Ct. 634, 637, 638. This is especially true where, as here, the necessity of proving a legal duty owed by defendants to plaintiff was so basic and fundamental that this court would, of its own initiative, be obliged to take cognizance of it even had it not been argued by defendants on this appeal.

Judgments reversed and here entered for defendant and additional defendant respectively.