Gleba, et al. *v.* West Conshohocken.

Argued October 6, 1971, before President Judge BOWMAN and Judges CRUMLISH, JR., KRAMER, WILKINSON, JR., MANDERINO, MENCER and ROGERS. Judge MANDERINO did not participate in the decision.

336

*Edward F. Kane,* for appellant.

*Ronald I. Rosenstein,* with him *Fox and Fox,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 18, 1972:

This is an appeal from an order of the Court of Common Pleas of Montgomery County by which Judge HONEYMAN, sitting in equity, ordered the Borough of West Conshohocken[1] to restore a sidewalk and retaining wall that had collapsed in March of 1960. The court also directed payment of money damages for injuries to appellees' shrubberies caused by the collapsing wall. The Borough contends that the collapse of the wall has not clearly been proven to be the fault of the Borough and that Section 1801 of the Borough Code, Act of Feb. 1, 1966, P. L. (1965) 1656, 53 P.S. §46801, imposes

---

[1] This appeal is properly before this Court by virtue of Section 402(4) of the Appellate Court Jurisdiction Act, Act of July 31, 1970, No. 223, 17 P.S. §211.402(4) which reads in part: "The Commonwealth Court shall have exclusive jurisdiction of appeals from final orders of the courts of common pleas in . . . (4) All actions or proceedings . . . where there is drawn in question the application, interpretation or enforcement of (i) any act of the General Assembly regulating the affairs of political subdivisions, municipalities . . . acting in their official capacity. . . ." This case involves the interpretation of Section 1801 of the Borough Code, Act of February 1, 1966, P. L. (1965) 1656, 53 P.S. §46801.

upon the property owner the primary responsibility for maintenance and repair of those portions of property abutting the public highway. We believe these contentions are sound.

Appellees, the landowners, rely on a statute which directs that local political subdivisions be responsible for maintenance of local service highways. Act of May 29, 1945, P. L. 1108, §12, 36 P.S. §2391.12. Appellees alleged that improper construction and renovation of the local service highway abutting their property directly caused the collapse of the wall.

While it is true that responsibility for maintenance of local service highways has been delegated to the local political subdivisions, it is also true that the Borough Code specifically authorizes a borough to place primary responsibility for certain types of maintenance on the abutting property owners. Accordingly, Section 1801 of the Borough Code specifically authorizes methods by which a borough may exercise its responsibility of maintenance, while Section 12 of the Act of 1945, *supra*, generally delegates the responsibility of maintenance to the local political subdivisions. The abutting property owners are, by these statutes, made primarily responsible for maintenance and repair of those portions of property abutting the public highway. *See Koerth v. Borough of Turtle Creek*, 355 Pa. 121, 49 A. 2d (1946).

More importantly, we are of the opinion that the appellees have not met their burden of proving that negligent construction of the highway caused the collapse of the wall. This burden must be met by competent testimony on the issue of causation and cannot be sustained by conjecture or speculation. *Carter v. United Novelty & Premium Co.*, 389 Pa. 198, 132 A. 2d 202 (1957).

Appellees presented the following uncontroverted testimony relative to the cause of the wall's collapse: "Well originally when the home and the wall was constructed, the retaining wall was constructed to maintain the volume of traffic that was there presently or ever would be. Maybe another fifteen houses could be added on Moorehead Avenue. At that time it was only approximately maybe an eighteen, twenty-foot road. It would stand the increase of traffic when the road was widened out by the WPA. A couple more cars might have come on there and used it as a better road than Ford Street to by-pass any traffic at the light. But the wall was never constructed to withstand the traffic of the Schuylkill Expressway. It was constructed for the purpose that my father built it at that time, to take the local traffic, whatever would come then. When the Schuylkill ramp and Expressway was built, that increased it a thousand fold and the vibration of it, the joints between the concrete and curb having no sealer, allowing water to go in there; the excavation so close to this wall with the retaining wall and the storm sewer drains being placed in there, this all contributed to the point of allowing the wall to fall. It wasn't that it was faulty construction because it had to be good. It was there since 1926. So, if it was going to fall, it would fall a lot sooner than that. And this vibration, if you put a glass up in our house she'll do a dance somewhere on the board. This is vibration completely and the road was never, the property was never engineered correctly to withstand the volume of increase of traffic through there."

Based upon this testimony, the court below made three findings of fact relating to the cause of the collapse: (1) "As a result of the widening of Moorehead Avenue and its use as an access ramp for the Schuylkill Expressway the volume of traffic was greatly in-

creased"; (2) "In the construction of the new road, no sealer was used between the joints of the roadway and curb, the result being the seepage of surface waters onto and into plaintiff's property through the resultant one inch wide gap between pavement and curb"; and (3) "As of the date of the construction of Moorehead Avenue plaintiffs' curb, sidewalk, and wall were in good repair and showed no sign of collapse." From this the court reaches the legal conclusion that "as a result of the improper construction of Moorehead Avenue the retaining wall, curbing and sidewalk of the plaintiffs was caused to subside and collapse." We hold the court below lacked competent testimony to reach its conclusion.

The only finding by the court which related to the construction of Moorehead Avenue was that there was the failure to properly seal the roadside. While this is negligent conduct in the construction of the road, appellees' testimony only considered it one of many contributing factors to the collapse. There is no basis upon which to conclude that the lack of sealer was a *sine qua non* to the damage. In fact, appellees placed primary emphasis on the fact that increased traffic caused vibration beyond the amounts which their property was engineered to withstand. Vibrational increases were not alleged to be the result of negligent action by the appellant. Under the findings of fact as found by the lower court based upon appellees' testimony, there does not exist sufficient competent testimony which would sustain appellees' burden relating appellant's conduct to the collapse of the wall.

We agree with the court below that the statute, placing responsibility upon landowners to repair and maintain those portions abutting public highways, does not intend the landowners to be liable for damage caused by intentional or negligent actions by the State or

Borough. We do hold that the Act intended landowners to be responsible for maintaining and repairing their properties to prevent damage caused by the changing conditions of public use of the highways.

It is clear that the damage here was primarily, if not solely, caused by the failure of appellees to maintain their retaining wall so as to withstand the increased use of the public highway. It was their duty to do so. 53 P.S. §46801. Under these circumstances, the Borough should not have been ordered to restore the wall and pay appellees damages. The order of the Court of Common Pleas of Montgomery County is reversed.

---

CONCURRING OPINION BY PRESIDENT JUDGE BOWMAN:

I concur with the result reached by the majority solely because the property owner who originally constructed the retaining wall in question at a time when the roadway in question was a borough street has not proven as a matter of law that the borough was negligent in *maintaining* the roadway. The borough's responsibility for maintenance arose when the roadway was designated a local service highway under the provisions of the Act of May 29, 1945, P. L. 1108, 36 P.S. §2391.1 et seq. "Local service highways constructed under authority of this act shall, upon completion of construction, be maintained by and at the expense of the political subdivision in which they are located." 36 P.S. §2391.12.

The record is unclear and the property owner failed to present evidence sufficient to show that the borough was negligent in maintaining the roadway after such designation. The responsibility for constructing a local service highway or reconstructing an existing roadway so designated rests on the Commonwealth under Section 3 of the Act of 1945, 36 P.S. §2391.3. As I look

at the entire record and give full weight to the property owner's testimony, it is apparent that if there was any negligence evidenced in these facts it was negligence in *construction* for which the borough is not responsible.

Such responsibility would fall on either the Commonwealth or the property owner depending on when and how the negligent construction occurred.