## Elizabeth Willis, Appellant, *v.* Armstrong County.

*Negligence—Bridges—Guard-rail—Proximate and remote cause—Non-suit.*

In an action against a county to recover damages for personal injuries suffered by the plaintiff by reason of a wagon in which she was riding going over an approach to a bridge not provided with a guard-rail, a nonsuit is properly entered where it appears that after the wagon had passed the bridge safely, the traces broke, and the wagon, freed from the horses, ran back, down grade, into the stream.

Argued Oct. 15, 1897. Appeal, No. 138, Oct. T., 1897, by plaintiff, from order of C. P. Armstrong County, Dec. T.,

1896, No. 215, refusing to take off nonsuit. Before STER-
RETT, C. J., GREEN, WILLIAMS, McCOLLUM, MITCHELL, DEAN
and FELL, JJ.  Affirmed.

Trespass for personal injuries.  Before RAYBURN, P. J.
The facts appear by the opinion of the Supreme Court.

*Error assigned* was refusal to take off nonsuit.

*M. F. Leason,* for appellant.—It is difficult to understand the
difference between this case and that of a horse becoming fright-
ened and backing upon and over the side of a bridge, as occurred
in the case of Lydia Bitting v. Township of Maxatawny, 177
Pa. 213; 180 Pa. 359.

If this horse had taken fright when on the bridge, and because
of the absence of guard-rails backed the buggy off, we think no
one, in the face of our numerous adjudicated cases, would have
questioned the answerability of the defendant: Lower Macun-
gie Twp. v. Merkhoffer, 71 Pa. 276; Twp. of Newlin v. Davis,
77 Pa. 317; Scott v. Montgomery, 95 Pa. 444; Hey v. Phila-
delphia, 81 Pa. 44.

*James H. McCain,* with him *W. J. Christy,* for appellee.—It is
the neglect of duty which constitutes negligence; and where
the law imposes no duty there can be no negligence: Francis v.
Franklin Twp., 179 Pa. 197.

When, as in this case, the facts are not controverted, the
question of proximate cause is for the court: Behling v. Pipe
Lines, 160 Pa. 359; Ry. v. Taylor, 104 Pa. 306; Twp. of West
Mahanoy v. Watson, 112 Pa. 574; Yoders v. Amwell Twp.,
172 Pa. 447; Chartiers Twp. v. Phillips, 122 Pa. 601; Herr v.
Lebanon, 149 Pa. 222; Schaeffer v. Jackson Twp., 150 Pa. 145;
Wagner v. Jackson Twp., 127 Pa. 184; 133 Pa. 61; Kieffer v.
Hummelstown Boro., 151 Pa. 304.

PER CURIAM, November 8, 1897:

It clearly appears from the evidence that the absence of guard-
rails was not the proximate cause of the accident which befell
the plaintiff, without any fault on her part.

The undisputed evidence is that after the wagon in which

plaintiff and several others were riding had safely passed over
the bridge and proceeded up the hill fifty or sixty feet, the eyes
in two of the traces gave way, and this resulted in freeing the
horses from the wagon and from the control of the driver.
Being thus situated, the wagon ran back down the grade, and
missing the bridge went over the embankment into the stream
below.  If the traces by which the wagon was drawn had not
broken, the accident would not have occurred.  Viewing the
testimony in its most favorable light for the plaintiff, there is
nothing in it to justify a verdict against the defendant.  At
most the absence of guard-rails was merely the remote cause of
her injury.  The sole efficient and proximate cause was the
breaking of the harness, in consequence of which the control of
the wagon was lost.

The learned trial judge rightly refused to take off the judg-
ment of nonsuit.

Judgment affirmed.