# Smith, Appellant, *v.* Pennsylvania Railroad Company.

*Railroads—Bridge—Overhead bridge—Contract with borough—Negligence.*

An action cannot be maintained against a railroad company to recover damages for death caused by the alleged negligent construction of an overhead bridge, where it appears that the company had contracted with the borough in which the bridge was situated to construct and maintain the bridge in consideration of the borough vacating the portions of certain streets crossing the tracks at grade, and that the accident did not occur until long after the bridge had been completed and accepted by the borough.

Argued Oct. 14, 1901. Appeal, No. 20, Oct. T., 1901, by plaintiff, from order of C. P. Westmoreland Co., Aug. T., 1898, No. 643, refusing to take off nonsuit in case of Amanda B. Smith *v.* Pennsylvania Railroad Company. McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Affirmed.

Trespass to recover damages for death of plaintiff's husband. Before McConnell, J.

At the trial it appeared that on August 7, 1897, Hamilton Smith, plaintiff's husband, while driving a one-horse buggy over an overhead bridge in the borough of Derry, was thrown over a rail of the bridge and killed. The accident was caused by his horse becoming frightened at a train passing rapidly under the bridge. Defendant claimed that the bridge was defectively constructed, and that the railing at the point of the accident was in a defective condition. It appeared that the bridge had been constructed by the railroad company in 1893, under an agreement in writing with the borough of Derry by which the latter in consideration of the railroad company constructing and maintaining the bridge agreed to vacate portions of certain streets which crossed the tracks of the railroad company at grade.

The court entered a compulsory nonsuit which it subsequently refused to take off.

*Error assigned* was refusal to take off nonsuit.

*Denna C. Ogden*, with him *Edward B. McCormick*, for appellants.—Without the agreement with the borough the company could have vacated said railroad crossings by the supplying of this bridge under their charter rights: Weimer on Pennsylvania Railroad Law, 262; Abbington Twp. v. North Penna. R. R. Co., 12 Pa. C. C. Rep. 118.

The Pennsylvania Railroad Company having secured the abolishment of the grade crossings by the construction of this bridge, it would be ultra vires and beyond its power to shift the responsibility of this accident to the borough of Derry: Pennsylvania and Ohio Canal Co. v. Graham, 63 Pa. 290; Lancaster Ave. Improvement Co. v. Rhoads, 116 Pa. 377; Oakland Ry. Co. v. Fielding, 48 Pa. 320.

A municipal corporation is not responsible for an injury occasioned by the negligence of contractors with it, or of their agents and servants; the remedy for the injury is against the contractors alone: City of Erie v. Caulkins, 85 Pa. 247; Reynolds v. Braithwaite, 131 Pa. 416.

The Pennsylvania Railroad Company could not take away these two crossings without providing a substitute, and the borough of Derry could not deprive the public of two valuable crossings without providing a substitute. Under this joint contract, the crossings were vacated and the bridge built. If a defect was created and the crossing rendered unsafe by this joint act, they are both joint tort feasors and either may be sued: Gates v. Penna. R. R. Co., 150 Pa. 50; O'Tool v. Pittsburg, etc., R. R. Co., 158 Pa. 99; Klauder v. McGrath, 35 Pa. 128; Bunting v. Hogsett, 139 Pa. 363; Merkle v. Schwoyer, 1 Woodward, 293; Downey v. Phila. Traction Co., etc., 3 Pa. Dist. Rep. 81.

*Cyrus E. Woods*, with him *Paul H. Gaither*, for appellee.—In the case at bar the contract itself is the obligation, and the Pennsylvania Railroad Company owed neither Hamilton Smith, nor his representative, any legal duty under it: Curtin v. Somerset, 140 Pa. 70; Fitzmaurice v. Fabian, 147 Pa. 199; First Presbyterian Congregation v. Smith, 163 Pa. 561.

The case of Abington Township v. North Penna. R. R. Co., 12 Pa. C. C. Rep. 118, has no application to this case.

In the case of Penna., etc., Canal Co. v. Graham, 63 Pa. 290,

there was an express statutory obligation to build the bridge and keep it in repair, and the canal company was of course held liable for negligence in the performance of that duty.

The negligence complained of was in the design of a bridge, which, upon its completion by the contractor, was accepted by the borough, and there was no proof offered to show that the contractor had anything to do with designing it. The duty was, therefore, exclusively upon the borough of Derry; it was a public duty, and it cannot free itself from the proper performance of that duty and shift it to the contractor under the facts in this case: Wharton on Negligence (2d ed.), secs. 180, 185; Snow v. Deerfield, 1 W. N. C. 382.

OPINION BY MR. JUSTICE FELL, January 6, 1902:

This action was based on the allegation that the defendant company had constructed a bridge over its tracks in a negligent manner. The proof of negligence related to the design of the bridge only, and with this it did not appear that the defendant had anything to do. The nonsuit was entered on the ground that the defendant had incurred no liability to the public by building the bridge.

The bridge was constructed under these circumstances. In 1892 three streets crossed the tracks of the railroad company in the borough of Derry. The borough council desired an overhead crossing to take the place of the three grade crossings, and agreed with the railroad company to vacate the streets at the crossings if the company would construct and maintain a bridge over its tracks at a point between two of the streets. In pursuance of this agreement the streets were vacated by action of the council, and the bridge was built by the company. The agreement provided for the kind of a bridge to be built, and for the details of design and construction, and that the streets should remain vacated and closed only as long as the bridge should be kept in good order and repair.

If the bridge had been built by the railroad company under its power to change the location of a public highway because of a necessity arising in the construction of its road, it would be responsible for defects in design and construction. The duty to supply a road in place of one taken or vacated is imposed on it by the act of 1848 and for neglect in the perform-

ance of this duty it is directly responsible to a party injured: Penna. R. R. Co. v. Boro. of Irwin, 85 Pa. 336 ; Gates v. Penna. R. R. Co., 150 Pa. 50. But the bridge was not built under the power conferred by the act of assembly, and in building it the company assumed no duty imposed by the statute. The railroad had been in operation fifty years, and no change was being made in the location or use of its tracks at this point. All that was done was by the direct authority of the borough in the control and management of its streets, and their vacation was conditioned on the proper maintenance of the bridge. The agreement states : " It is the desire of the council of said borough to have an overhead bridge constructed across the tracks of the said railroad company in the said borough, which shall take the place of and be a full substitute for all the grade crossings, on said several streets," and " The said Pennsylvania Railroad Company favoring the desire of the borough council is willing to erect an overhead bridge as herein described, and maintain the same." The company did not take any part of the streets nor assume to exercise any control over them. Indeed it is very doubtful whether under any circumstances it had the power to do what was done in regard to them. Doubtless it was interested to avoid grade crossings, and as an inducement to the borough to vacate the streets it offered to erect and maintain the bridge. In so doing it incurred no obligation except its contract obligation to the borough. This obligation was fully discharged as to the construction by the acceptance of the bridge by the borough council. The judgment is affirmed.