# Ackerman *v.* City of Williamsport, Appellant.

*Municipalities—Bridges—Streets—Negligence—Neglect to repair—Dedication—Acceptance—Length of time necessary—User.*

1. So far as the duty of a municipality to keep its streets and bridges in a safe condition for public travel is concerned, a street dedicated to public use and accepted does not differ from a street laid out by municipal authority.

2. Either dedication or acceptance of a street can be established by proof of user. As against the owner of the soil, who would reassert his right in the way, an adverse user for the statutory period may be shown; but as against a municipality which disclaims all duty in connection with the way, the dedication by the owner not being in dispute, acceptance by the municipality may be shown by proof of public use for a much shorter period.

3. Where a bridge company owning a bridge over a river, constructs a road as an approach to the bridge over its own land, and in doing so carries the road over a basin by a small bridge, and subsequently after

the river bridge had been condemned, abandons the road, including the bridge over the basin, and the city in which the road is located assumes no care of the bridge over the basin so that it falls into disrepair, and as a consequence a person is injured, the city will be responsible for the injury if it appears that the accident happened thirty years after the construction of the road and fourteen years after its abandonment.

*Practice, C. P. —Pleading—Statement—Evidence.*

4. Where in a negligence case plaintiff's statement avers a permanent disability of the plaintiff, evidence may be introduced as to the probable effect of the injuries on plaintiff's future earning capacity.

Argued Feb. 16, 1910. Appeal, No. 405, Jan. T., 1909, by defendant, from judgment of C. P. Lycoming Co., Sept. T., 1908, No. 451, on verdict for plaintiff in case of Charles Ackerman v. The City of Williamsport. Before FELL, C. J., MESTREZAT, ELKIN, STEWART and MOSCHZISKER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HART, P. J.

The facts appear in the opinion of the Supreme Court.

Verdict and judgment for plaintiff for $2,875. Defendant appealed.

*Errors assigned* among others were in refusing binding instructions for defendant and in refusing defendant's second point, as follows: .

2. To entitle the plaintiff to recover in this case he must prove that Maynard street at the point covered by the Basin bridge had, at or previous to the time of the accident, been accepted by the council of the city of Williamsport as a public highway. *Answer:* This point is refused.

*Frank P. Cummings*, city solicitor, for appellant.—The municipality must do something to indicate the acceptance of the street as a public highway to render it liable for injuries: Steel v. Huntingdon Boro., 191 Pa. 627.

The user must be defined, uniform, adverse, and under a claim of right, and must have continued for twenty-one

years: Washington Boro. v. Steiner, 25 Pa. Superior Ct. 392; Com. v. Llewellyn, 14 Pa. Superior Ct. 214; Weiss v. Boro. of South Bethlehem, 136 Pa. 924; Verona Boro. v. R. R. Co., 152 Pa. 369.

*Charles J. Reilly,* for appellee.—When a dedication to public use and the opening of a street for public travel by the owner are followed by its actual use by the public as a highway, the right in the public may become complete and absolute within a much shorter period than twenty-one years: Washington Boro. v. Steiner, 25 Pa. Superior Ct. 392; Kennedy v. Williamsport, 11 Pa. Superior Ct. 91; Williamsport v. Lycoming County, 34 Pa. Superior Ct. 221.

OPINION BY MR. JUSTICE STEWART, March 28, 1910:

The plaintiff recovered in the court below for injuries sustained by the giving way of what is known as the Basin bridge in the city of Williamsport, while he was attempting to drive over it. The appeal raises these questions: first, was the evidence sufficient to show a duty resting on the city to keep and maintain in repair this bridge? second, if such duty attached to the city, was the evidence sufficient to charge the city with negligence in this respect? and third, under the pleadings and the evidence, should a recovery have been allowed for future loss of earning power? If the facts recited in appellant's history of the case appeared in the testimony, several interesting questions would call for consideration before a conclusion could be reached as to the duty of the city with respect to the bridge. It cannot be said that we avoid these questions; we simply do not encounter them; they are undiscoverable from the record as made up, and to the record we are confined. We take the case as we find it. The plaintiff made no attempt to show that the portion of the street where the accident occurred had ever been formally laid out and ordained by the city. The witnesses all speak of it as Maynard street, and of the bridge, as Maynard street bridge. They describe the street as a public highway extending from an intersection with another public street to the Susquehanna river, the city's

southern boundary, there connecting with a bridge, the property of the county, across the river. The bridge on which the accident occurred is some 800 feet north of the river bridge. It further appears from the evidence that the street leading to the river bridge is of the usual street width; that it has been open to the general public and used by it for more than thirty years, and that it is the only highway connecting the city with the borough of South Williamsport on the south side of the river. Its importance as a highway may be readily inferred. The duty of the municipality to keep its streets and bridges in a safe condition for public travel is not confined to streets which have been formally ordained and opened. A street dedicated to public use and accepted does not differ from a street laid out by municipal authority. If this was not one of the regularly ordained streets of the city, then if a public street at all, it must have become so through dedication and acceptance. Where dedication is once established, it becomes simply a question of acceptance by the public. Either can be established by proof of user. As against the owner of the soil, who would reassert his right in the way, an adverse user for the statutory period must be shown; but as against a municipality which disclaims all duty in connection with the way, the dedication by the owner not being in dispute, acceptance by the municipality may be shown by proof of public use for a much shorter period. "When a street has been dedicated to public use by the owner, and used by the public, it requires a much less time to presume an acceptance by the public, than where there has been a user without such dedication:" Com. v. Moorehead, 118 Pa. 344. In the present case the user was continued and uninterrupted for more than thirty years. A conclusive presumption arises that the street was originally dedicated, and the owners of the soil are precluded from asserting any other right therein than what is common to the public. The same evidence which concludes the owners and establishes a dedication, is more than sufficient to warrant a presumption of acceptance of the way by the municipality. Especially is this true where, as here, it is manifest that the use of the street is and has been not only advantageous, but

indeed necessary for the public accommodation.  Upon such a state of facts the plaintiff relied to fasten the duty of repair on the city.  As against this the defendant offered absolutely nothing but the record of a proceeding instituted in 1891 by which the county of Lycoming acquired by condemnation the bridge over the Susquehanna river at the southern terminus of Maynard street.  This bridge had been the property of a bridge company and was a toll bridge.  We discover nothing in that proceeding that can affect this case.  If it have any significance, it supports the theory on which the plaintiff went to trial, that the part of the street where the accident occurred had been dedicated and accepted.  We gather from the record that the bridge company was the owner of the land between the northern end of their bridge and what was then the foot of Maynard street; that to connect the bridge with the street as it then was, it made this short extension of Maynard street in 1876 and in doing so constructed the bridge over the basin where this accident occurred.  All this makes for and not against the plaintiff.  It is alleged—we do not find it in the evidence—that the bridge company so long as it was in existence, down to 1891, exacted toll for passage over this small section of the highway as something separate from its river bridge.  Suppose that to be true, a public use was impressed on it when public travel thereon was first invited, quite as much as on the bridge over the river; and when in 1891 the bridge company abandoned it, such abandonment did not affect its character as a highway, and the obligation thereafter to keep it in repair rested on the municipality: Pittsburg, etc., R. R. Co. v. Com., 104 Pa. 583.  But whether we date the user from 1876, when the street was first opened, or from 1891, when the bridge company abandoned it and passed out of existence, the result must be the same.  If from the later date, when it became entirely free and open to the public, then we have a period of fourteen years during which it has been constantly used.  We have already said that this was quite sufficient to raise a presumption of acceptance by the city.  The learned trial judge was entirely correct in holding that a duty rested on the city to maintain the street of which this

particular bridge was a part in a safe condition for public travel.

Whether the bridge was negligently permitted to be out of repair was a question for the jury, and was submitted under proper instructions. The city had disavowed all responsibility for it, and had exercised no supervision over it. The evidence as to its condition showed clearly that its supporting timbers were so decayed that its insecurity would have been discovered by even a superficial examination.

The remaining question invites no discussion. Plaintiff's statement of cause of action contained an express averment that the injuries he received resulted in a permanent disability. This was quite sufficient to warrant the introduction of evidence as to the probable effect of the injuries on plaintiff's future earning capacity.

The assignments of error are overruled, and the judgment is affirmed.