## Edith A. Gass et al., Appellant, *v.* City of Pittsburgh. (No. 1.)

*Municipalities—Public way—Dedication—Acceptance—User—Evidence—Negligence—Failure to repair.*

In an action of trespass to recover damages for personal injuries resulting from a fall from alleged defective steps forming part of a pathway, it appeared that the path and steps had been used by the public as a public way for more than twenty-seven years. There was evidence that the steps had been in disrepair for some time prior to the accident.

The evidence was held to be sufficient to establish a dedication of the way and acceptance by the public, and a verdict for the plaintiff was sustained.

Dedication is a matter of intention and may be established by parol evidence of acts or declarations which show an assent on the part of the owner of the land that the land should be used for public purposes.

As against the owner of the soil, who would reassert his right in the way, an adverse user for the statutory period must be shown; but as against a municipality which disclaims all duty in connection with the way, the dedication by the owner not being in dispute, acceptance by the municipality may be shown by proof of public use for a much shorter period. The same evidence which concludes the owner and establishes a dedication is more than sufficient to warrant a presumption of acceptance of the way by the municipality.

In the absence of evidence of a formal acceptance, the liability of a municipality to keep a dedicated street in a safe condition for public travel may be asserted and established upon two separate and distinct grounds, either of which is sufficient to fix liability. The first of these grounds is through long continued public user without any formal act of acceptance, and the second through authorized or ratified municipal acts from which an acceptance may be implied. Plaintiff relied upon the first ground.

Long continued public user of a way warrants a presumption of acceptance by the municipality, making it the duty of the municipality to keep the way in reasonable safe condition for public travel and rendering it liable for injuries suffered by reason of the neglect of that duty.

Argued April 29, 1927. Appeal No. 165, April T., 1927, by plaintiff from judgment of C. P. Allegheny County, July T., 1925, No. 1529, in the case of Edith

A. Gass et al. v. City of Pittsburgh. Before HENDER-
SON, TREXLER, KELLER, LINN, GAWTHROP and CUNNING-
HAM, JJ. Reversed.

Trespass to recover damages for personal injuries.
Before MARTIN, J.

The facts are stated in the opinion of the Superior
Court.

Verdict for the plaintiff in the sum of $1,500. Sub-
sequently, on motion, the court entered judgment non
obstante veredicto in favor of defendant. Plaintiff
appealed.

*Error assigned* was the entry of judgment of the
court.

*William C. Jacob*, for appellant.—There was a dedi-
cation and acceptance and user of the way: Kniss v.
Borough of Duquesne, 255 Pa. 417; Pittsburgh v. P.
& L. E. R. R. Co. et al., 263 Pa. 294; Ackerman v.
Williamsport, 227 Pa. 591.

*Benjamin L. Steinberg*, Assistant City Solicitor,
and with him *Charles A. Waldschmidt*, City Solicitor,
for appellee.—There was no dedication or acceptance
of the way: Downing, Appellant, v. Coatesville Bor-
ough, 214 Pa. 291; Wahl v. McKees Rocks Borough,
64 Pa. Superior Ct. 155; Steel v. Huntingdon Borough,
191 Pa. 627; Johnstin v. McKeesport, Appellant, 216
Pa. 633.

OPINION BY CUNNINGHAM, J., July 8, 1927:

The single question on this appeal is whether it was
the legal duty of the City of Pittsburgh to keep a cer-
tain flight of steps, located within its limits and form-
ing part of a pathway for pedestrians, in a reasonably
safe condition for travel by the public. At least forty
years ago one Coover, being the owner of a large tract

of land in the 20th Ward of the City of Pittsburgh, laid out on a portion thereof along the brow of a hill a plan of lots known as Hethton. For the accommodation of purchasers of lots in this plan he constructed a footway leading from Wittman Street, an opened city street in said plan, down a steep hillside to an unopened city street named McCartney Avenue, upon which is located the tracks of a street railway now operated by the Pittsburgh Railways Company and on which street railway there is a stopping point designated as Hethton. This footway was constructed over land owned by Coover, but lying outside of the plan, as the most direct route from the plan to this point on the street railway. Since its construction this footway has been used by the public and the use thereof has been open, adverse, continuous and unobstructed. More than twenty-seven years ago Coover caused a flight of steps to be constructed as a part of the way in question and from that time forward this way, which is from three to three and one-half feet wide, consisted of different forms of construction: first a cinder path; then a boardwalk; next the steps in question; then another section of boardwalk; a bridge over a ravine, etc., and at the end a platform and steps down to the street railway tracks. Coover conveyed the upper portion of the tract over which the way was constructed and upon which the steps are located to Edward D. Steinman in 1903. While descending the steps on February 4, 1925, at which time they were slippery with ice and snow, Edith A. Gass, one of the plaintiffs in the court below and the appellant in this appeal, fell and was severely injured. Alleging that it was the duty of the City of Pittsburgh, appellee herein, to keep these steps in reasonably safe condition for public travel and that it had been negligent in the performance of this duty, in that the steps and the banister or railing thereof had been permitted to fall into a condition of decay,

and ,that her injuries resulted from this negligence, she and her husband brought their action against the city to recover the damages each had suffered. The trial resulted in a verdict in favor of Edith A. Gass in the sum of $1,500 and in favor of her husband, George E. Gass, in the sum of $492. The city made a motion, based upon the refusal of its point for binding instructions, for judgment in its favor n. o. v. and also moved for a new trial. These motions were argued before the court in banc and an order was entered, under date of December 11, 1926, refusing a new trial but directing that judgment be entered for the city and against the plaintiffs notwithstanding the verdict, which order is supported by an opinion written for the court by the trial judge. From this order we have the present appeal by Edith A. Gass and also the separate appeal of her husband, George A. Gass, to No. 166, April T., 1927, of this court. No evidence was produced by the plaintiffs showing a formal dedication by Coover, the land owner, of the way in question by the recording of a plan or by any other formal dedicatory acts; nor did they offer any evidence of a formal acceptance of the way by the city. The method by which they sought to fix liability for the maintenance of the steps upon the city was by the introduction of evidence tending to prove the intention of the land owner to make a dedication of the way and by showing long continued public user as evidence of the acceptance by the public of that dedication. They accordingly introduced evidence of the construction of the footway by Coover and the original building of the steps by his employes more than twenty-seven years ago and evidence of the continuous use by the public of the way for a period of approximately forty years. The evidence on the part of the plaintiffs also showed that Louis Biderman, employed by the city in "repairing boardwalks and steps and building new ones" had

been in charge of this footway for a period of about twelve years; that he made frequent repairs upon the steps in question and had rebuilt them in 1923. The city, in addition to denying its legal responsibility for any defects in the condition of the steps, endeavored to show that they were, as a matter of fact, in good condition at the time of the accident; that appellant did not fall on the steps but on the cinder path; and that there were two other safer ways available to her in traveling from her home to the car line. It also appeared in the evidence introduced by the city that the repairs to the steps and to a bridge on the footway were made by Biderman under direction of John Yochum, the foreman of the Sixth Division of the city. The learned trial judge submitted to the jury as the first question in the case the inquiry whether under all the evidence there had been a dedication by the owner and acceptance by the public of the footway. No part of the charge has been assigned for error. In it he correctly instructed the jury that dedication to public use is a matter of intention and may be shown "by permitting that use for such a long period of time as will indicate that intention." In the next place he explained that an intention alone to dedicate was not sufficient but that the jury would have to find before they could conclude that this way was a public highway "that there was an acceptance of that dedication by the public." Continuing he said to the jury: "Now for the purposes of this case I will say to you that that intention also need not be expressed by any formal action of any public body, such as the council of a borough or council of the city. If you find under the testimony of this case that there was a long user or use of this way, as we might call it by the public, and that use had continued over a long period of time, and if that convinces you that the public generally in that com-

munity accepted a dedication of that land from the land owner as a public highway, then you would be justified in concluding from the testimony, if you have already found that there was an intention to dedicate it to public use, that the public accepted this dedication and that it became a public highway. In passing on that question also you have certain other testimony here; that the City of Pittsburgh from time to time made certain repairs to that boardwalk. At first glance that might appear to be very strong evidence, and it is evidence for your consideration, but you want to bear in mind in considering it that it was simply a carpenter, or a foreman at the most from the testimony in this case, who undertook to replace broken boards in that walk, or I believe to put in new cinders or fix the banister from that time when it got out of repair. But you may take that testimony into account also in making up your minds on the first question in this case, as to whether or not there was a dedication of this land by the land owner, and an acceptance of the land by the public through its use over a long period of time, and if you find from the testimony in the case those are the facts, then you are justified in concluding it was the duty of the City of Pittsburgh, after that public acceptance to keep this walk in reasonably good condition for public travel.''

The verdict amounts to a finding by the jury that there was a dedication and an acceptance by the public and we are satisfied from an examination of the testimony that there was evidence to sustain such finding. The other issues arising under the testimony and submitted to the jury were decided by it in favor of the plaintiffs and we agree with the court below that there was evidence justifying their conclusions and that there was therefore no merit in the reasons assigned for a new trial. The only question involved under the assignment supporting this appeal is whether the court

below erred in subsequently setting aside the verdict and entering judgment in favor of the city upon the ground, as stated in its opinion, "that under the law the plaintiff has not shown any duty upon the City of Pittsburgh to maintain the steps." A majority of the members of this court are of opinion that the verdict should not have been disturbed. The opinion of the court below seems to us to indicate that it fell into error through a misapprehension of the theory upon which the plaintiffs' case was tried and through a misapplication of the evidence. Emphasis is laid therein upon the fact that the evidence showed that "the work of repair and rebuilding was done by an ordinary laborer employed by the city to do such work throughout a given district, and was performed under the supervision of a foreman of the Highway Department in that district." Later in the opinion it is stated that the facts in this case "are almost the same as those presented" in Wahl v. McKees Rocks Borough, 64 Pa. Superior Ct. 155, hereinafter referred to, and that in this case, as in the Wahl case, "there was no municipal action authorizing or ratifying the making of repairs by the employes who performed the work." A careful reading of the evidence for the plaintiffs shows that they did not rely upon an implied acceptance through municipal acts, but upon the theory that a municipality becomes liable for the maintenance and repair of a street or way where there has been a dedication of it by the land owner and such long continued user thereof as to amount to an acceptance by the public, even though it has not been accepted by the municipality either formally or by making authorized repairs thereon.

Under the evidence there can be no substantial question with respect to the fact of dedication. Dedication is a matter of intention and may be established by parol evidence of acts or declarations which show an

assent on the part of the owner of the land that the
land should be used for public purposes. There was
evidence here that the public had used this footway
for a period of more than forty years, with the result
that neither the original owner of the soil nor his suc-
cessors in title could reassert any rights in the way as
against the public. No question was involved with re-
spect to the rights of the present owners of the soil
as against the public. In Ackerman v. City of
Williamsport, App., 227 Pa. 591; Kniss, App., v. Bor-
ough of Duquesne, 255 Pa. 417; and Felt v. West
Homestead Borough, App., 260 Pa. 11, it is clearly
shown that, in the absence of a formal acceptance, the
liability of a municipality to keep a dedicated street in
a safe condition for public travel may be asserted and
established upon two separate and distinct grounds,
either of which is sufficient to fix liability upon the
municipality. The first of these grounds is through
long continued public user without any formal act of
acceptance and the second through authorized or rati-
fied municipal acts from which an acceptance may be
implied. In this case appellant relied upon the ground
first stated and not upon proof of repairs made by
order of the municipal council or ratified by it. The
rule with respect to the first ground upon which a
municipality may become liable for failure to keep a
way in repair is thus stated by Mr. Justice FRAZER in
Felt v. West Homestead Borough, App., supra: "Ac-
ceptance of a public road by long continued user was
fully discussed in Ackerman v. City of Williamsport,
227 Pa. 591, and Kniss v. Borough of Duquesne, 255
Pa. 417, where it is pointed out that a road may be-
come a public highway by dedication and acceptance
by the public without formal action by the munici-
pality and, in absence of express dedication, the pub-
lic may acquire the right to the highway as against the
land owner by continuous use for a period of twenty-

one years and as against the municipality a much shorter period is sufficient to impose upon the public the duty of keeping the road in repair.'' In Ackerman v. The City of Williamsport, supra, our Supreme Court said: ''Where dedication is once established, it becomes simply a question of acceptance by the public. Either can be established by proof of user. As against the owner of the soil, who would reassert his right in the way, an adverse user for the statutory period must be shown; but as against a municipality which disclaims all duty in connection with the way, the dedication by the owner not being in dispute, acceptance by the municipality may be shown by proof of public use for a much shorter period. ......, In the present case the user was continued and uninterrupted for more than thirty years. A conclusive presumption arises that the street was originally dedicated, and the owners of the soil are precluded from asserting any other right therein than what is common to the public. The same evidence which concludes the owners and establishes a dedication, is more than sufficient to warrant a presumption of acceptance of the way by the municipality.'' In Kniss, App., v. Borough of Duquesne, supra, at page 423, our Supreme Court, citing 3 Dillon on Municipal Corporations (5th Ed.) Sections 1079, 1081, 1086, said that the acceptance may be by the public at large and need not be by municipal or corporate authorities acting on behalf of the public and that it is generally held that acceptance by the public may be shown by long continued user without any acts or conduct on behalf of the municipal corporation, and added that ''Whether the user by the public is of such a nature as to constitute an acceptance is a question of fact, depending upon the circumstances of the particular case.'' We have referred to the evidence showing repairs upon the steps for many years by city employes and the rebuilding of a part of the way by these

employes, but we agree with the court below that this evidence does not show such an authorization or ratification by the municipal authorities as to justify the conclusion that there had been, by these acts, an implied acceptance of the dedication by the municipality. Although this evidence was not sufficient in itself to show acceptance of the dedication by the city, yet, as stated in Kniss, App., v. Borough of Duquesne, supra, the continued making of repairs by city employes in connection with the proof of user by the public was evidence for the jury to consider in determining whether or not the public generally looked upon and treated this way as an open public highway, and was properly submitted in this case. There is a distinct line of cases in which it has been held that the mere fact that repairs are made by a street commissioner or a street committee or by municipal employes is not sufficient evidence of acceptance unless the repairs were authorized or ratified by the council of the municipality—the only authority with power to establish streets and with power to bind the borough by its action. Our case of Wahl v. McKees Rocks Borough, App., 64 Pa. Superior Ct. 155, cited and relied upon by the city and referred to in the opinion of the court below, belongs to that line. There the plaintiff in attempting to fix responsibility upon the borough for the failure to repair a set of steps, with platform, on the side of a steep hill largely used by the public relied upon proof that the street commissioner in office at the time of the accident authorized one of his subordinates to make some repairs to the steps, but there was no evidence that these repairs were authorized or ratified by the borough council. A judgment for the plaintiff was reversed, but Judge HENDERSON, in writing the opinion for this court, said: "We are not informed who constructed these steps nor do we find anything in the evidence to show that the use of them by the

public was made with the claim of right nor that it was exclusive," thereby indicating that it was exclusively a case of implied acceptance by municipal acts. Other cases belonging to this class are cited in Kniss, App., v. Borough of Duquesne, supra, but it is pointed out that "in each of those cases the plaintiff depended upon the implied acceptance through municipal acts and not ...... upon long continued public use of the street." The case at bar is clearly distinguishable from Wahl v. McKees Rocks Borough and kindred cases. It is clear that the plaintiffs relied upon the first ground to which we have above referred, namely, long continued public user of the way, and we are satisfied that there was sufficient evidence to sustain the finding of the jury that the footway, of which the steps formed a part, had become a public highway of the city by dedication of the land owner and acceptance by the public. It follows that it was the legal duty of the city to keep the steps in reasonably safe condition for public travel and that it is liable to appellant for the injuries which the jury has found she suffered by reason of its neglect of that duty.

The assignment of error is sustained, the judgment is reversed and judgment is now entered in favor of appellant upon the verdict.

HENDERSON and TREXLER, JJ., dissent.