Jacob, Appellant, *v.* Philadelphia.

Jacob, Appellant, *v.* Wilkinson.

Argued January 9, 1939. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*Samuel I. Sacks,* of *Sacks & Piwosky,* for appellant.

*Richard A. Smith, Louis Wagner* and *Thomas J. Clary,* for appellee, No. 429, were not heard.

*Aaron W. White* and *John J. K. Caskie,* Assistant City Solicitors, and *Joseph Sharfsin,* City Solicitor, for appellee, No. 428, were not heard.

OPINION BY MR. JUSTICE BARNES, March 22, 1939:

On December 19, 1934, the plaintiff slipped and fell while leaving a restaurant at No. 111 North 18th Street, Philadelphia. The entrance thereto is reached by four stone steps leading from the sidewalk. Slightly to the north of the steps, extending outside the building line, but not beyond the steps, were iron cellar doors or covers, at the entrance into the basement.

It appears from the record that it was a cold morning and ice was upon the pavement and the steps; that plaintiff, according to his daily practice, entered the restaurant for breakfast about eight o'clock. He noticed that both cellar doors stood open at the time. As he was leaving, a short time later, and while descending from the last step onto the brick pavement, he slipped, and in falling seized the near cellar door, pulling it down upon him, and bringing with it the other one to which it was attached by a chain. The edge of the second door struck plaintiff in the face causing severe injuries to his face and teeth. He instituted separate actions in trespass against the City of Philadelphia and the tenant of the restaurant, who brought in the owner of the premises as

additional defendant. The suits were tried together in the court below.

The individual defendants are charged with negligence in maintaining the cellar doors improperly by reason of their being joined by a chain instead of by a rigid rod, and because of an alleged violation of a regulation of the Bureau of Highways of the City of Philadelphia, which provides that the covers to cellar entrances of this kind "must not remain open." The city is alleged to be negligent in failing to enforce compliance with this regulation. The plaintiff offered to prove by the testimony of a witness that a proper construction of the doors required the use of a rod to hold them apart when open. This testimony was excluded. At the conclusion of plaintiff's case, the trial judge granted a nonsuit as to all defendants, on the ground that plaintiff had failed to prove that the condition or construction of the cellar doors was the proximate cause of the accident.

It is not disputed that plaintiff's fall was occasioned solely by the slippery condition of the sidewalk. According to our decisions such a condition does not in itself establish negligence. See *Whitton v. H. A. Gable Co.,* 331 Pa. 429; *McDonough v. Munhall Boro.,* 331 Pa. 468; *Goodman v. Corn Ex. B. & T. Co.,* 331 Pa. 587, and cases therein cited. However, plaintiff's claim is not based upon the icy condition of the pavement and steps, but his allegation of negligence is that the "cellar doors in front of said premises were permitted to remain open and were not properly held together."

Before an act can be held negligent it must reasonably be foreseen that the doing of it is attended with such probabilities of injury to another that a duty arises either to refrain from the act altogether, or to do it in such manner that harm does not result. It is well settled that conduct is negligent only if the harmful consequences thereof could reasonably have been foreseen and prevented. See *Leoni v. Reinhard,* 327 Pa. 391, 393. In *Venzel v. Valley Camp Coal Co.,* 304 Pa. 583, we said

(p. 590) : "Liability for negligence depends on antecedent probability, not the mere possibility, of harmful results therefrom. The general test of liability is whether the injury could be foreseen by an ordinarily intelligent person as the natural and probable outcome of the act complained of; . . ." See *Bruggeman v. City of York*, 259 Pa. 94; *Rugart v. Keebler-Weyl Bak. Co.*, 277 Pa. 408; *Kosson v. West Penn Power Co.*, 293 Pa. 131; Restatement, Torts, Sections 284, 289, 290 and 291.

Applying these principles to the present case, the fact that the cellar doors were open at the time when plaintiff fell, or that they were joined by a chain instead of a rod, is not sufficient evidence to sustain a finding of negligence. While the failure to keep the doors closed might possibly have created a risk of harm to pedestrians walking along the sidewalk, it could not reasonably have been anticipated by defendants that this condition would result in an injury to plaintiff. The line of travel as he descended to the sidewalk would not take him past the cellar doors; his violent contact with them came only as a result of his reaching for something to break his fall. No exercise of prudent foresight on defendants' part would cause them to guard against this extraordinary occurrence,—that plaintiff would pull down these upright doors upon himself to his injury. It was not a consequence likely to follow from those acts which plaintiff alleges to have been negligent. Therefore, the conclusion must follow that plaintiff's injury was not the result of any breach of duty by these defendants, but was attributable solely to his own involuntary act in slipping upon the icy steps and sidewalk: *Willis v. Armstrong Co.*, 183 Pa. 184; *Elliott v. Allegheny Co. Light Co.*, 204 Pa. 568; *Quinn v. Phila.*, 224 Pa. 176; *Yocum v. Bloomsburg*, 289 Pa. 512.

Plaintiff cites *Strobel v. Park*, 292 Pa. 200, and states in his brief that this case is "in principle closest to the case at bar." There a passenger in an elevator, while the car was in motion, suddenly collapsed, and because

there was no guard or railing separating the elevator from the shaft, he fell forward and his body became wedged between the shaft and the bottom of the elevator. He received injuries from which death resulted. We held that defendant's failure to provide the necessary safeguards to prevent the occurrence of such an accident created a recognizable risk of harm to the passenger, and was a substantial factor in bringing about his injury and death. Upon its facts the Strobel Case is clearly distinguishable from the one now before us.

Even if material to the issue, plaintiff's case is not aided by the alleged violation of the regulation of the Bureau of Highways. A reasonable interpretation thereof does not prohibit the opening of the doors for ingress and egress to the basement of the building, and for the purposes of light and ventilation. The record is devoid of evidence to show that such was not the lawful use of the doors at the time of the accident. There is nothing to show that the municipality was put upon notice, either actual or constructive, that an unlawful use was being made of the sidewalk. See *Malone v. Union Paving Co.*, 306 Pa. 111.

Finally, it is urged that a new trial be granted because the trial judge excluded testimony to the effect that if the doors were properly constructed they would have been held apart with a rigid rod. This testimony was of a character that could be described to the jury, and its effect adequately estimated by them without the assistance of one claiming to possess special knowledge upon the subject. Consequently the admission of such so-called expert testimony under the circumstances would have tended to mislead the jury, and its exclusion was proper. See *Graham v. Penna. Co.*, 139 Pa. 149; *Chambers v. Mesta Machine Co.*, 251 Pa. 618; *Kuhn v. Ligonier Val. R. R. Co.*, 255 Pa. 445.

We conclude that it was not error for the court below to refuse to take off the nonsuit.

The order is affirmed.