Campbell et vir. *v.* Pittsburgh, Appellant.

Argued April 27, 1944. Before KELLER, P. J., BALD-

440

RIGE, HIRT, KENWORTHEY, RENO, and JAMES, JJ. (RHODES, J., absent).

*Thomas E. Barton,* Assistant City Solicitor, with him *Anne X. Alpern,* City Solicitor, for appellant.

*John E. Evans, Jr.,* of *Evans, Evans & Spinelli,* for appellees.

OPINION BY HIRT, J., July 19, 1944:

In this action in trespass for injuries to the wife-plaintiff from a fall on a city street, Equitable Gas Company was brought in as an additional defendant. The jury found in favor of plaintiffs against the City of Pittsburgh alone. This appeal questions the refusal of the lower court to enter judgment for the city n. o. v.

In the light of the verdict, these facts appear: Murphy's Five and Ten Cent Store in Pittsburgh fronts on Fifth Avenue and extends westwardly along Mc-Masters Way. There are doorways in the store building for the use of customers opening on both streets. The cartway on McMasters Way is but nine feet wide and the sidewalks on both sides of the street are very narrow. For these reasons there is little vehicular traffic, and pedestrians generally use the cartway for a footpath as well as the sidewalks. In making a repair to a service line, the gas company had removed a part of the asphalt pavement in McMasters Way near

an exit from the store. On filling the excavation the surface was repaved with bricks. This patch of brick paving extended 5 feet into the cartway from a point near the curb and was 2½ feet wide. About 5 feet from the brick patch in the direction of Fifth Avenue there was a defect in the asphalt pavement, a hole about 18 inches long with a maximum width of 12 inches and 3 inches deep. There were sharp edges at the depression, as though the asphalt pavement had broken and dropped at that point. The condition had existed long enough to charge the city with constructive notice of it and under the evidence the city was negligent in failing to repair it. The wife left the store about 5:10 on the afternoon of March 26, 1941, by an exit on to McMasters Way. This street was crowded with pedestrians homeward bound, most of whom were hurrying west from Fifth Avenue toward Diamond Street in the cartway. The wife and her companion intended to walk eastwardly to Fifth Avenue. It was impossible for them to use the narrow sidewalk because of the stream of pedestrians going in the opposite direction. When opportunity afforded, they crossed into the cartway and turned in the direction of Fifth Avenue. What then occurred was thus tersely stated by the wife: "Well, we had just taken a step or two in the cartway when I stumbled on the brick in this patch and I had a running fall of about probably three steps with my right foot and two steps with my left foot, and then my left foot caught in the hole and it threw me very hard and flat ...... It was very irregular but my toe caught in a very deep place." She suffered a sprain fracture of the fibula at the left ankle; the ligaments were torn and some permanent disability has resulted.

The surface of the brick patch in the pavement was somewhat uneven but the irregularities were not such as to charge the Gas Company with negligence in making the repair. The wife was unfamiliar with Mc-

Masters Way and although she saw bricks at her feet she was prevented from observing the nature of the surface of the patch by the many people about her. Because of the crowded condition of the pavement the jury properly absolved this plaintiff from the charge of contributory negligence in failing to observe the projecting brick before she stumbled on it and lost her balance. *Emmey v. Stanley Co. of America,* 139 **Pa.** Superior Ct. 69, 10 A. 2d 795.

Since the plaintiff stepped into the hole in the pavement while off balance because of a non-negligent condition of the pavement, the city contends that its negligence in allowing the hole to remain in the street was not the proximate cause of the injury. In support of its position the city relies on *Elliott v. Allegheny County L. Co.,* 204 Pa. 568, 54 A. 278; *Quinn v. Philadelphia,* 224 Pa. 176, 73 A. 318; *Jacob v. Philadelphia,* 333 Pa. 584, 5 A. 2d 176; *Zlates et ux v. Nasim,* 340 Pa. 157, 16 A. 2d 381.[1] In all of these cases foreseeability

---

[1] In the *Elliott* case the plaintiff fell from a ladder on which he was working. In falling he clutched an uninsulated electric wire at the side of the building and was injured. In denying recovery it was held that the fall from the ladder and not the electric shock was the proximate cause of the injury. In the *Quinn* case a boy tripped on a projecting hinge of a cellar door on the sidewalk (a non-negligent condition) and fell into an open areaway. *Held:* The city was not liable merely because the areaway was uncovered; the proximate cause was the obstruction on the sidewalk. In the *Jacob* case the plaintiff slipped on an icy step on leaving a restaurant and in falling seized defendant's open cellar door for support. Another cellar door set in motion by a connecting chain, struck the plaintiff. *Held:* The cellar doors in that condition did not charge defendant with negligence as to this plaintiff; the slippery condition of the step (a non-negligent condition) was the proximate cause of the injury. One element appears in the *Jacob* case, however, which is absent in the instant case: Jacob on entering the restaurant noticed that both cellar doors were open. In the *Zlates* case the plaintiff, in leaning toward a screen door on a porch to close it, lost her balance and fell into an unguarded areaway. *Held:* That plaintiff

of injury was applied as the test. The principle applied is thus stated in the *Jacob* case: " 'Liability for negligence depends on antecedent probability, not the mere possibility, of harmful results therefrom. The general test of liability is whether the injury could be foreseen by an ordinarily intelligent person as the natural and probable outcome of the act complained of; ......' See *Bruggeman v. City of York*, 259 Pa. 94; *Rugart v. Keebler-Weyl Bak. Co.*, 277 Pa. 408; *Kosson v. West Penn Power Co.*, 293 Pa. 131; Restatement, Torts, Sections 284, 289, 290 and 291." [2]

It is our view that the circumstances in the present case do not bring it entirely within the controlling principle of the above authorities in the light of other pronouncements by the Supreme Court. In *Mars v. Meadville Telephone Co.*, 344 Pa. 29, 23 A. 2d 856, (decided after the *Jacob* and the *Zlates* cases) a cow brushed against a defective telephone pole causing it to fall upon and injure the plaintiff. In sustaining a verdict for plaintiff Mr. Justice DREW said: "The rule is thus stated in Cooley on Torts (1st ed., p. 70; 4th ed., §50): 'If the original act was wrongful, and would naturally, according to the ordinary course of events, prove injurious to some other person or persons, and does actually result in injury through the intervention of other

was chargeable with contributory negligence and the failure to guard the areaway though negligence, was not the proximate cause of the injury.

[2] In *Strobel v. Park*, 292 Pa. 200, 140 A. 877, a passenger in an elevator suddenly fell to the floor, and because there was no safety gate across the front of the elevator, his body was wedged between the floor and the shaft. It was held that defendant was negligent and recovery was allowed on the ground that "the owner must know that at times a passenger may suddenly collapse, move or be pushed about, or otherwise get some part of his person outside the car while it is in motion." If the test of foreseeability be applied in the present case it would seem that it is at least equally predictable that a pedestrian may lose his balance in a crowd.

causes which are not wrongful, the injury shall be referred to the wrongful cause, passing by those which were innocent.' " Prior to the *Mars* case our Supreme Court in *Shipley v. Pittsburgh,* 321 Pa. 494, 184 A. 671, by Mr. Justice LINN, accepted the principle that a negligent defendant "would be held for what might, in the nature of things, occur in consequence of that negligence, although, in advance, the actual result might have seemed improbable." The opinion goes further (in concluding that the plaintiff was entitled to a new trial after a verdict for defendant) by adopting the principle of the Restatement, Torts, §435, thus quoted: "If the actor's conduct is a substantial factor in bringing about harm to another, the fact that the actor neither foresaw nor should have foreseen the extent of the harm or the manner in which it occurred [Cf. Strobel v. Park, 292 Pa. 200, 140 A. 877] does not prevent him from being liable."

We may therefore take it to be the law that although foreseeability of injury is a controlling factor in determining proximate cause of injury to a plaintiff, it is not restricted to the probability of injury in the precise manner in which the injury occurred. And if injury is foreseeable, a defendant is not necessarily relieved from liability because of other contributing causes if the defendant's negligence is a proximate cause of the injury. It has long been the law that negligence may be a proximate cause of an injury of which it is not the sole cause. *Boggs v. Jewell Tea Co.,* 263 Pa. 413, 106 A. 781; *Mars v. Meadville Telephone Co.,* supra.

If the defect in this case had been in the sidewalk instead of the cartway and the wife-plaintiff's foot was caught in it to her injury because of the movement of other pedestrians in the crowded condition of the sidewalk there would be little doubt as to her right of recovery. McMasters Way was a thoroughfare for

pedestrians from Fifth Avenue to Diamond Street in a congested section of the city. The north sidewalk was but 22 inches wide; the south walk was three feet in width. The city had notice that the whole of the street was commonly used as a footway. Its duty in the light of that knowledge was to maintain it as a reasonably safe way for pedestrians. Although this plaintiff testified that she "had a running fall", her statement was thus qualified: "Catching myself until I got in the hole." She had taken but three steps and it was a fair inference for the jury that she would not have fallen but for the hole or, if she had, that her injuries would have been slight. The defect caused the fall and the injury resulted from the fall. Injury in some manner from the defect in the pavement was foreseeable and a broken fibula above the ankle was not unlikely if the foot of one was caught in the hole while the body was in motion. The same injury might have resulted if the wife-plaintiff had stepped into the hole in working her way through the crowded thoroughfare; it was not unforeseeable that such injury might result with an intervening non-negligent act of a third party as a contributing factor. Cf. Restatement, Torts, §439; *Cusatis v. Lehigh Valley R. R. Co.*, 152 Pa. Superior Ct. 193, 31 A. 2d 572. "The question whether a person charged with negligence or negligent acts or omissions, should have foreseen the injuries resulting from those acts or omissions is for the jury": *Bisson v. John B. Kelly, Inc.*, 314 Pa. 99, 170 A. 139. The legal conclusion follows from the circumstances of this case that defendant's negligence was the proximate cause of the injury.

Judgments affirmed.