Hair, Admx., *v.* Ference (et al., Appellants).

Argued March 22, 1945. Before MAXEY, C. J., DREW, LINN, STERN, PATTERSON and JONES, JJ.

*William A. Challener, Jr.*, with him *Harold F. Reed* and *William A. Challener*, for Jones & Laughlin Steel Corp. and Woodlawn Land Co., appellants.

*Ralph H. Demmler* and *Thompson Bradshaw,* with them *John J. Heard, John B. Gordon, Reed, Smith, Shaw & McClay, Margiotti & Casey* and *Dickie, Robinson & McCamey,* for Pittsburgh & Lake Erie R. R. Co., appellee.

OPINION BY MR. JUSTICE JONES, May 21, 1945:

The plaintiff, as administratrix of the estate of her deceased husband, brought suit to recover damages for his alleged wrongful death. She joined as defendants the co-partners of the Ohio River Motor Coach Company, Jones & Laughlin Steel Corporation, Woodlawn Land Company and Pittsburgh & Lake Erie Railroad Company. Each of the three last named companies is a corporation domiciled in Pennsylvania.

As disclosed by the statement of claim, the plaintiff's decedent met his death in the following circumstances. In the late afternoon of December 22, 1942, when a bus of the defendant Coach Company, in which the plaintiff's decedent was a passenger for hire, had reached a certain point on Constitution Boulevard (being State Highway Route 930 and a highway of the Borough of Aliquippa, Beaver County, Pennsylvania) "a great quantity of earth, rock, shale and boulders slid and fell from the hillside . . . upon and against the bus . . . striking the same with such force as to fatally injure [the] plaintiff's decedent."

According to the plaintiff's averments, the hillside, whereon the slide originated, was a part of a tract of land abutting on the highway and was owned and controlled by Woodlawn Land Company which, in turn, was wholly owned and controlled by the Jones & Laughlin Steel Corporation for the latter's sole uses and purposes.

The plaintiff further avers that the location of the highway in Aliquippa resulted from a contract entered into on December 24, 1924, between the Jones & Laugh-

lin Steel Corporation, the County of Beaver and the Pittsburgh & Lake Erie Railroad Company which provided for the relocation of a then existing highway on the opposite side of the Railroad Company's tracks to its new location on land owned by the Woodlawn Land Company and that Jones & Laughlin Steel Corporation, in an exercise of its control and dominion over Woodlawn Land Company, had caused the Land Company to dedicate the new and relocated highway to public use.

For a proper appreciation of the limits of the precise question here involved, reference in some detail to the procedural background is essential.

The defendants, Jones & Laughlin Steel Corporation, Woodlawn Land Company and Pittsburgh & Lake Erie Railroad Company, each filed an affidavit of defense raising questions of law. After argument thereon, the learned court below entered an order dismissing the "statutory demurrers" of Jones & Laughlin Steel Corporation and the Woodlawn Land Company with an allowance of fifteen days to each of those defendants within which to file affidavits of defense to the merits if they so desired. That order, being interlocutory, was not appealable: *Deardorff, Administrator v. Continental Life Insurance Co.*, 297 Pa. 289, 290, 146 A. 816. Nor were the present appeals taken therefrom. Manifestly, the question of the liability of the Jones & Laughlin Steel Corporation and the Woodlawn Land Company is not here involved. In fact, each of them has since filed an affidavit of defense to the merits.

Following the entry of the order above-mentioned and before any disposition had been made of the Pittsburgh & Lake Erie Railroad Company's affidavit of defense raising questions of law, the plaintiff sought and obtained leave of court to amend her statement of claim. By the amendment, the plaintiff included "The Pittsburgh & Lake Erie Railroad Company" in the averment of the original statement of claim wherein she had

charged generally "That the death of . . . [her deceased husband] was occasioned by the negligence of the Jones and Laughlin Steel Corporation . . . and by Woodlawn Land Company . . . , jointly and severally, as follows. . . ." Without amending any of the subparagraphs, specifying the negligence, the plaintiff's amendment added thereto the following: "h — In causing said road to be moved as hereinabove set forth, when these defendants knew or should have known that the rock, strata and earth comprising said hillside was of such nature as to cause constant sliding and shifting of the rock and earth."

Thereupon, the Pittsburgh & Lake Erie Railroad Company filed an amended affidavit of defense raising questions of law and the matter was resubmitted, on the amended pleadings, to the learned court below which, in an opinion filed, sustained the "statutory demurrer" of the Pittsburgh & Lake Erie Railroad Company and therewith entered an order to that effect. Shortly thereafter, the court amended that order so as to include therein the entry of a judgment "for said defendant Pittsburgh & Lake Erie Railroad Company." Concurrently the court had also noted an exception by Jones & Laughlin Steel Corporation and Woodlawn Land Company, inter alia, to both the order and the amendment thereof. It is from the judgment in favor of the Pittsburgh & Lake Erie Railroad Company, pursuant to the order as so amended, that Jones & Laughlin Steel Corporation and Woodlawn Land Company took the pending appeals (Nos. 86 and 87 respectively). As continuing and excepting defendants to the suit, their right so to appeal is clear: *Schwartz v. Jaffe,* 324 Pa. 324, 331, 188 A. 295. See also *Ashworth v. Hannum,* 347 Pa. 393, 396, 32 A. 2d 407; *East Broad Top Transit Company v. Flood,* 326 Pa. 353, 357, 192 A. 401. However, it should be apparent by now that the only matter before us for review is the action of the learned court below in enter-

ing judgment for the Railroad Company in consequence of its affidavit of defense raising questions of law. Quite properly, that is the only thing to which the appellants' respective assignments of error are directed. Neither the plaintiff nor the Ohio River Motor Coach Company has appealed.

The sole question presently involved, therefore, is whether the plaintiff's statement of claim, as amended, pleads a cause of action against the Pittsburgh & Lake Erie Railroad Company. As to that, we think it is clear that the view taken by the learned court below was correct. Neither the statement of claim as originally filed nor as amended avers facts sufficient to impute to the Railroad Company a duty to the plaintiff's decedent. Yet, such a duty *and* its breach are prerequisites to the maintenance of the plaintiff's suit against the defendant appellee: *Zayc, Admr., v. John Hancock Mutual Life Insurance Company of Boston,* 338 Pa. 426, 431, 13 A. 2d 34; *Jacob v. Philadelphia,* 333 Pa. 584, 586, 5 A. 2d 176; *Leoni v. Reinhard,* 327 Pa. 391, 393, 194 A. 490.

The appellants contend that the learned court below erred in concluding that the plaintiff's statement of claim does not charge the Pittsburgh & Lake Erie Railroad Company with any ownership of the land abutting the highway at the place of the slide or with any duty to maintain or assist in maintaining the slopes of such land. The lower court's conclusion in that regard was a correct interpretation of the statement of claim and the amendment thereto. Nowhere does the amended statement aver, or even fairly imply, that the Railroad Company ever had or has an interest in the land, whereon the hillside is located, or any right whatsoever to go upon such land for any purpose.

The only effect of the amendment, upon which the appellants base their reliance, was to include the Pittsburgh & Lake Erie Railroad Company with the Jones & Laughlin Steel Corporation and the Woodlawn Land Company in the paragraph of the statement of claim

which originally had charged the two latter companies generally with negligence responsible for the death of the plaintiff's decedent and to add the subparagraph which specified, as negligence, the relocation of the highway, pursuant to the contract of December 24, 1924, eighteen years before the accident involved in the present controversy. Even if that had constituted negligence, no continuing act of trespass is charged against the Railroad Company nor are any facts averred by the plaintiff from which such a charge could properly be inferred.

In *Smith v. Pennsylvania Railroad Company*, 201 Pa. 131, 134, 50 A. 829, which was a suit for damages for injuries received in an accident on a bridge which the defendant company, pursuant to a contract between it and a borough, had built and turned over to the borough some five years before the accident, this Court said that "Doubtless [the Railroad Company] was interested to avoid grade crossings, and as an inducement to the borough to vacate the streets it offered to erect and maintain the bridge. In so doing it incurred no obligation except its contract obligation to the borough. This obligation was fully discharged as to the construction by the acceptance of the bridge by the borough council." In the present instance, the Railroad Company was under no obligation to maintain the reconstructed highway. The appellants concede that the duty of maintaining a State highway is upon the Commonwealth: see *Felt v. West Homestead Borough*, 260 Pa. 11, 14, 103 A. 508; *Wensel v. North Versailles Township*, 136 Pa. Superior Ct. 485, 491, 7 A. 2d 590; *Calhoon v. Pittsburgh Coal Company*, 128 Pa. Superior Ct. 582, 587, 194 A. 768. And, prior to the Commonwealth's taking over the highway, responsibility for its maintenance rested upon the Borough of Aliquippa. As the plaintiff avers, "Constitution Boulevard . . . was at all times a public highway in the Borough. . . ."

The judgment of the court below is affirmed.